2401 Pennsylvania Avenue Corporation *v.* The Southland Corporation et al., Appellants.

Argued June 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Norbert F. Bergholtz*, with him *Dechert, Price & Rhoads*, for appellants.

*Steven M. Dranoff*, with him *Irving L. Mazer*, and *Spivack, Dranoff & Shaw*, for appellee.

OPINION BY CERCONE, J., September 22, 1975:

2401 Pennsylvania Avenue Corporation, plaintiff, operates a luxury-type, high-rise apartment house known as The Philadelphian. On May 31, 1963, plaintiff entered into a renewable ten-year lease with The Southland Corporation, defendant, for commercial space on the first floor of The Philadelphian. Defendant wished to, and did, establish and operate a 7-Eleven Store on the premises. On or about July 3, 1972, plaintiff learned that defendant had, in effect, assigned the lease to a Robert Dailey. Such assignment was prohibited by the lease; and, therefore, after negotiations failed, plaintiff attempted to secure possession of the premises by filing a Landlord and Tenant Complaint in the Municipal Court of Philadelphia County. The Municipal Court entered judgment in favor of plaintiff and defendant appealed to the Court of Common Pleas. Plaintiff filed a complaint in Common Pleas Court, and defendant filed preliminary objections. These preliminary objections were denied, and defendant was ordered to answer the complaint within twenty days. Rather than file an answer to the complaint defendant has appealed the lower court's denial of preliminary objections to this court.

We must first determine whether the lower court's order denying defendant's preliminary objections is interlocutory and, if so, whether it is appealable. It is established law in Pennsylvania that an order is interlocutory and not final unless it effectively puts the defendant out of court, i.e., precludes the defendant from presenting the

104

merits of his claim to the lower court. See *Marino Estate,* 440 Pa. 492 (1970); *Goldman v. McShain,* 432 Pa. 61 (1968); *Ventura v. Skylark Motel, Inc.,* 431 Pa. 446 (1968). In the instant case the defendant clearly was not precluded from presenting his claim in that the lower court not only allowed him to answer plaintiff's complaint, but it ordered him to do so. Therefore, it is obvious that the order from which this appeal stems is interlocutory. This being so, such order is unappealable unless a statute specifically permits such an appeal or the appeal raises a question of jurisdiction. *Seligsohn Appeal,* 410 Pa. 270, 273 (1963). Because, under the facts of the instant case, there is no statute which would allow this appeal from the order denying preliminary objections, the order is therefore only appealable if it raises a question of jurisdiction.

In his brief, defendant's statement of the issue is framed as though being one of jurisdiction, as follows: "Does the Municipal Court of Philadelphia County have jurisdiction over a summary action for possession of real property under The Landlord and Tenant Act of 1951 where the landlord has not complied with the notice requirements of the Act?" While defendant's statement of the issue does contain the word "jurisdiction" it clearly does not raise a jurisdictional question which would permit an appeal from this interlocutory order. As was stated in *Seligsohn Appeal* at 410 Pa. 275, "The test of jurisdiction is whether the court has *power to enter upon the inquiry.* . . ." The Municipal Court of Philadelphia County certainly has the power to enter upon the inquiry of whether plaintiff can secure possession of the premises in question. The fact that the notice requirements of the Landlord and Tenant Act of 1951 might not have been complied with, a problem we need not address at this time, in no way affects the Municipal Court's jurisdiction. Cf. *Philadelphia v. William Penn Business Institute,* 423 Pa. 490 (1966); *University Square No. 1, Inc. v. Marhoefer,* 407 Pa. 257 (1962).

Accordingly this appeal is quashed.