Gonzales et al. *v.* Polis et al., Appellants.

Argued September 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles Polis,* with him *Polis and Polis,* for appellants.

No appearance entered nor brief submitted for appellees.

OPINION BY CERCONE, J., February 2, 1976:

This appeal involves an action in trespass and assumpsit against Polis Brothers Real Estate, a partnership (Polis Brothers), and Morris Polis. Because different questions are raised as to each defendant they will be separately considered.

## Polis Brothers

On January 21, 1972 a complaint was filed against the defendants and on February 2, 1972 the complaint was served on Polis Brothers. Preliminary objections to the complaint, filed by Polis Brothers, were overruled and Polis Brothers were ordered to file an answer to the complaint within twenty days. Polis Brothers filed interrogatories which were answered by the plaintiffs and then nineteen months later, on March 7, 1974, Polis Brothers filed an answer and new matter to the complaint. On March 13, 1974 plaintiffs filed an answer to the new matter. A petition was then filed by Polis Brothers requesting that it be removed as a party defendant because it allegedly was not in existence at the time the cause of action accrued. This petition was dismissed by the lower court on January 31, 1975, and from this order Polis Brothers appeal.

Initially we must determine whether an appeal from this order can be considered on the merits. The petition filed by Polis Brothers contended that, due to the death of one of the partners, the partnership was no longer in existence and should therefore be removed as a party defendant. Plaintiffs, by way of an answer to the petition, denied Polis Brothers' contention. The question raised by the petition and answer is one of fact which must be decided at the trial level. Unless defendant is put out of court by the order in question and is therefore precluded from proving his contention at trial, the appeal is from an interlocutory order. See *Piltzer v. Independence Federal Sav. & Loan Ass'n.*, 456 Pa. 402 (1974); *Ventura*

*v. Skylark Motel, Inc.*, 431 Pa. 459 (1968); and *2401 Pennsylvania Ave. Corporation v. The Southland Corporation*, 236 Pa. Superior Ct. 102 (1975). In the instant case Polis Brothers will have the opportunity to present the merits of its claims to the lower court at trial. Therefore this appeal is from an interlocutory order and, since the appeal is not expressly authorized by statute, it is improper. See *Caplan v. Keystone Weaving Mills, Inc.*, 431 Pa. 407 (1968); *Colvin v. Somat Corp.*, 230 Pa. Superior Ct. 118 (1974). Therefore the appeal by Polis Brothers is quashed.

## Morris Polis

The facts concerning defendant Morris Polis are significantly different. Morris Polis was never personally served with the complaint. Instead he was served pursuant to Pennsylvania Rules of Civil Procedure, Rules 2077 (a) (1)[1] and 2079(a),[2] which provide for service of non-residents and residents who conceal their whereabouts. On October 21, 1974 a petition was filed claiming that the service of Morris Polis pursuant to Rules 2077(a) (1)

---

1. Rule 2077(a) (1) states:

   "(a) The rules of this chapter apply to:

   (1) actions as to which the laws of this Commonwealth authorize service of process upon a non-resident, or a resident who becomes a non-resident or who conceals his whereabouts."

2. Rule 2079(a) states:

   "(a) If an action of the class specified in Rule 2077(a) (1) is commenced in the county in which the cause of action arose, process may be served upon the defendant personally or by having the sheriff of said county send by registered mail, return receipt requested, a true and attested copy of the process:

   (1) to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, and

   (2) to the defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth."

and 2079 (a) was improper and should be stricken. Such motion to strike the service on Morris Polis was dismissed by an order dated January 31, 1975. It is from this order which Morris Polis appeals. Unlike the appeal of Polis Brothers, Morris Polis is properly before this court. A contention of insufficient service of process is an objection to the trial court's jurisdiction over the person of the defendant, Morris Polis, and is therefore appealable. See *Pincus v. Mutual Assurance Co.*, 457 Pa. 94 (1974) ; *Colvin v. Somat Corp.*, supra.

The question with which we are faced is whether the trial court properly obtained jurisdiction over defendant Morris Polis by service pursuant to Rules 2077 (a) (1) and 2079 (a). More specifically the question under Rule 2077 (a) (1), is whether Morris Polis was a "resident . . . who conceals his whereabouts" and, therefore, a person over whom jurisdiction could be obtained by service pursuant to Rule 2079 (a). To answer this question we must first look to the relevant facts:

The action in question involves certain premises which were rented by plaintiffs and were situated at 2504 North Fairhill Street in Philadelphia. Plaintiffs, in their 1972 complaint, aver that the defendants who owned and operated the premises in question failed to maintain these premises in a reasonably safe, fit and habitable condition. As a result of the condition of the premises plaintiffs claim to have suffered certain injuries. A title search of the premises revealed that the owner of the property was Morris Polis and that his address was 1116 West Girard Avenue, Philadelphia. After personal service could not be made on Morris Polis at 1116 West Girard Avenue, plaintiff made service pursuant to Rules 2077 (a) (1) and 2079 (a). Defendant Polis claims that plaintiffs relied on inadequate information because 1116 West Girard Avenue is a vacant lot which was taken by the Redevelopment Authority of Philadelphia in 1966. Accordingly, Polis contends that the substituted service was improper in that

he was not a "resident . . . who conceals his whereabouts" under Rule 2077 (a) (1). Polis points out that his address was readily ascertainable to the plaintiff by a number of more reliable means. First, defendant Polis claims to have paid the taxes and water bills on the property at all times relevant to this action. Therefore his address could have been obtained from the Office of the Department of Collections for the City of Philadelphia. Secondly, defendant Polis claims that he is registered with the Department of Licenses and Inspections. By looking at this registration, which is public record, his proper address could have been ascertained. Furthermore, Polis points out that at all relevant times he was listed in the Philadelphia phone directories as residing at 6101 Morris Street, Philadelphia.

While the question of what Rule 2077 (a) (1) means by a "resident . . . who conceals his whereabouts" has not been addressed by our appellate courts, such a question was discussed in *Austin v. Goode,* 47 D. & C. 2d 545 (1969). In that case it was held that a single sheriff's return of "not found" was not sufficient evidence that the defendant had concealed his whereabouts and therefore service pursuant to Rule 2079 was improper.

The facts of this case lead us to a similar conclusion. Plaintiffs have pointed to no evidence from which one could conclude that defendant Morris Polis was attempting to conceal his whereabouts. The fact that a title search revealed an improper address is not sufficient. This shows, at most, that defendant Polis moved since he purchased the property in question. The fact that one moves does not in itself establish that he is concealing his whereabouts. We hold, therefore, that service of Morris Polis pursuant to Rules 2077 (a) (1) and 2079 (a) was improper and therefore must be set aside.

Accordingly, the Polis Brothers' appeal is quashed, as it is from an interlocutory order, and the order of the lower court as to Morris Polis is reversed.