## Fanelli v. Pietro Pino Construction Company

*Frank Carano*, for plaintiff.
*William E. Averona*, for defendants.

MARSHALL, *J.*, August 18, 1977—The issue presented on this appeal is whether this court abused its discretion in denying a petition to open a default judgment grounded upon petitioner's allegation that the method of service employed by plaintiff—substituted service upon the Secretary of the Commonwealth pursuant to Pa.R.C.P. 2077(a)(1) and 2079(a)—was improper.

## BACKGROUND

Plaintiff commenced this action by filing a complaint in assumpsit on December 30, 1975, seeking damages in the sum of $13,591 for defendants' alleged breach of a contract for the renovation of residential property. The record reveals that plaintiff attempted personal service at the individual defendant Pietro Pino's home and business address no less than five times: January 2, 8 and 10, February 10, and March 30, 1976. Failing in those efforts, plaintiff, on April 19, 1976, served each of defendants pursuant to Rules 2077(a)(1) and 2079(a), which provide in pertinent part: Rule 2077—"(a)(1) [In] actions as to which the laws of this Commonwealth authorize service of process upon . . . a resident . . . who conceals his whereabouts . . . " Rule 2079—"(a) . . . process may be served . . . by having the sheriff . . . send by registered mail, return receipt requested, a true and attested copy of the process: (1) to the Secretary of the Commonwealth . . . and (2) to the defendant at his

last known address with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth."

On May 13, 1976, pursuant to Philadelphia Court Rule 2082*(a), [now Rule 350], plaintiff notified individual defendant, Pietro Pino, by certified mail, that an action had been instituted against him and that judgment would be entered against him in 20 days. On June 4, 1974, pursuant to praecipe, the prothonotary entered judgment against Pietro Pino, individually, for the full amount of damages plus interest, totalling $18,668.

On August 11, 1976, defendant's counsel filed a petition to strike off judgment, asserting as a basis for relief that defendant had been improperly served. Essentially, defendant contended that substituted service pursuant to Rule 2076 et seq., was proper only in actions brought under one of three Pennsylvania statutes: The Non-Resident Motorist Act of May 14, 1929, P.L. 1721, as amended, 75 P.S. §2001 et seq.; The Aircraft Operators Act of May 7, 1935, P.L. 130, as amended, 2 P.S. §1410 et seq.; and The Act Affecting Non-Resident Owners of Real Estate of July 2, 1937, P.L. 2747, as amended, 12 P.S. §331 et seq., and that no Pennsylvania law authorized substituted service in assumpsit actions. This contention was patently erroneous, for Rule 1009, which has "the force of a statute": Dombrowski v. Philadelphia, 431 Pa. 199, 203, n. 4, 245 A. 2d 238 (1968); Schofield Discipline Case, 362 Pa. 201, 209, 66 A. 2d 675 (1949), expressly authorizes substituted service in assumpsit actions (pursuant to Rule 2079) upon "a person who conceals his whereabouts." Pa.R.C.P. 1009(d). See Russell v. Pivirotto, 72 D. & C. 2d 318 (1975). Absent a blanket proscription against substituted service in assumpsit actions, the entry of default

judgment pursuant to such service did not constitute "an irregularity appearing on the face of the record": Liberal Credit Clothing Co. v. Tropp, 135 Pa. Superior Ct. 53, 58, 4 A. 2d 565 (1939). Consequently, relief by way of striking the judgment did not lie.

Recognizing that the propriety of substituted service in this particular assumpsit action hinged upon whether defendant had concealed his whereabouts, the court, in an order dated September 23, 1976, directed that depositions be taken to resolve that issue. In addition, the court gave defendant 30 days in which to establish grounds for the alternative relief of opening the judgment. Despite, the court's indulgence, defendant's counsel, in a letter dated November 11, 1976, pressed his erroneous contention that substituted service in any assumpsit action was invalid and declined the opportunity to present evidence that would warrant opening the judgment.

## DISCUSSION

The court's research has disclosed only three cases dealing with the issue of when a person may be deemed to have concealed his whereabouts so as to become legally amenable to substituted service pursuant to Rules 2077(a)(1) and 2079(a): Gonzales v. Polis, 238 Pa. Superior Ct. 362, 357 A. 2d 580 (1976); Russell v. Pivirotto, 72 D. & C. 2d 318 (C.P. Allegheny, 1975); Austin v. Goode, 47 D. & C. 2d 545 (C.P. Philadelphia, 1969).

In Austin, supra, the Honorable John J. McDevitt, III, held that a single sheriff's return of "not found" which gave no indication as to how many times the sheriff attempted, without success, to personally serve defendant, did not support the conclusion that defendant had concealed his

whereabouts: Id. at 546. The court noted that additional facts would have to be shown in order to support that conclusion: Id.

In Gonzales, supra, the first appellate decision construing the phrase "a person . . . who conceals his whereabouts," plaintiff-lessee filed a complaint in trespass against the owner of the leased premises and attempted personal service (the number of attempts is unknown) at the owner's address which he ascertained from a title search. When that attempt failed, plaintiff effected substituted service pursuant to Rules 2077(a)(1) and 2079(a). On appeal from the denial of defendant's petition to strike service, the Superior Court reversed, holding that defendant had been improperly served: Id. at 367. The court, citing Austin v. Goode, supra, found that plaintiff had offered no evidence from which one could conclude that defendant had concealed his whereabouts: Id. at 367. While defendant had apparently moved since he purchased the leased premises, that fact alone did not establish the requisite concealment: Id. Furthermore, the court noted that plaintiff could have ascertained defendant's address with little difficulty, for example, by contacting the office of the department of (tax and water bill) collections, by checking defendant's registration with the department of licenses and inspections, or even by looking in the Philadelphia telephone directory: Id.

The plain import of Austin and Gonzales is that a plaintiff may not resort to substituted service upon a so-called "concealed-whereabouts" defendant until he has made a reasonably diligent effort both (1) to ascertain defendant's address and (2) to effect personal service at that address.

In the case at bar, plaintiff readily ascertained defendant's address. Evidence of plaintiff's dili-

714

gence in effecting personal service, found to be lacking in Austin v. Goode, supra, is established here by several sheriff's returns marked "not found" with further notations indicating that personal service was attempted at least five times without success, defendant's deposition testimony to the contrary notwithstanding. See Russell v. Pivirotto, supra (three unsuccessful attempts of personal service sufficient).

Here plaintiff offered sufficient evidence to support the conclusion that defendant concealed his whereabouts and thereby subjected himself to substituted service pursuant to Rules 2077(a)(1) and 2079(a). Plaintiff having followed the procedures outlined in those rules to the letter, the service was sufficient and proper: Pa.R.C.P. 2080. Accordingly, defendant's prayer for relief from the judgment was correctly denied.