Perry Construction, Inc., Appellant *v.* Palmyra Borough Authority, Appellee.

Argued June 6, 1978, before President Judge Bow-
MAN and Judges CRUMLISH, JR., WILKINSON, JR., MEN-
CER, ROGERS, BLATT and DiSALLE.

*Roger D. Susanin,* with him *Cunniff, Bray & Mc-
Aleese,* and, of counsel, *Ehrgood & Ehrgood* and *A.
Harry Ehrgood,* for appellant.

*J. Bruce Walter,* with him *James L. Atkins,* Solici-
tor, for appellee.

OPINION BY JUDGE WILKINSON, JR., August 1, 1978:
This is an appeal from an order of the Lebanon
County Court of Common Pleas which overruled ap-
pellant's preliminary objections to appellee's petition
for declaratory judgment. Appellee's motion to quash
the appeal as interlocutory was denied by the Superior
Court but such order was vacated by this Court· for

want of jurisdiction of that court following transfer of the proceeding here. Arguments on both the motion to quash and the merits of the appeal were heard together. We deny appellee's motion to quash and affirm the common pleas court's overruling of appellant's preliminary objections.

The procedural background of this difficult case requires recitation of the facts at some length. During the fall of 1976, appellee solicited bids for extension of sewer lines, enlargement of sewage treatment facilities and possible installation of a sanitary sewage collection system with a neighboring municipality. The bids were opened at the advertised time on October 19, 1976 and appellant's bid was found to be the lowest. On October 25, 1976 four business days after the opening of the bids, appellant's president discovered that an alleged substantial clerical error had been made in the compilation of appellant's bid. He notified appellee that day of the error and simultaneously requested that appellant be permitted to withdraw its bid from consideration and to have its bid be returned without forfeiture. This request was denied by appellee after it conducted a three-day hearing in November 1976 to receive appellant's evidence in support thereof. Appellant then notified appellee that it was electing to arbitrate appellee's decision, basing its purported right of such election on Section 4 of the Act of January 23, 1974, P.L. 9, 73 P.S. §1604 (known and referred to here as the Public Contracts Act) and "the Palmyra Borough Authority rules and regulations adopted [thereunder]." Appellant requested and obtained a list of arbitrators from the American Arbitration Association, which directed appellee to participate in the selection of a panel. Appellee then filed its petition for declaratory judgment in the common pleas court, requesting, *inter alia,* a declaration that appellant had

no right of arbitration since it had not given notice of a claim of right to withdraw the bid within two business days, as required by Section 2 of the Public Contracts Act, 73 P.S. §1602, a stay of the arbitration procedures until appellant's right to arbitration could be determined, and a decree determining the controversy.

The common pleas court entered a preliminary order the next day staying all other proceedings pending the determination of appellee's petition for declaratory judgment. Appellant then filed its preliminary objections to appellee's petition, claiming that since Section 1604 "expressly and clearly" provides arbitration as a remedy, the common pleas court lacks jurisdiction over the subject matter of the dispute. The preliminary objections were overruled by the common pleas court in August 1977. Appellant filed an appeal in the Superior Court, in response to which appellee filed a motion to quash on the basis that the appeal was interlocutory. Appellant asserted that the appeal was permissible, even though interlocutory, since it was of a ruling on preliminary objections which had questioned the jurisdiction of the common pleas court, pursuant to Section 1 of the Act of March 5, 1925, P.L. 23, *as amended,* 12 P.S. §672. The Superior Court denied the motion to quash. Following the transfer of the appeal to this Court, appellee filed another motion to quash on identical grounds. On November 16, 1977, this Court vacated, for want of jurisdiction, the Superior Court's denial of appellee's motion to quash and directed that argument on the motion and on the merits of appellant's appeal be made together.

The first issue before us, therefore, is whether appellee's motion to quash should be granted. Appellee contends that because a common pleas court unquestionably has jurisdiction under the Act of June 18, 1923, P.L. 840, *as amended,* 12 P.S. §831 et seq. (known

and cited here as the Declaratory Judgments Act) to determine the rights and status of parties to a proceeding for declaratory judgment, appellant's preliminary objections to appellee's petition could not possibly have raised a question of the court's jurisdiction over such petition so as to permit an interlocutory appeal of the court's overruling of the preliminary objections. We do not agree. While the statement that the Declaratory Judgments Act vests jurisdiction in the courts of common pleas over petitions arising thereunder is certainly true, that in itself is insufficient to preclude challenge to such a court's jurisdiction over this matter. Appellant's preliminary objections allege that the Public Contracts Act provides arbitration as the exclusive means by which the dispute concerning its right to withdraw its bid is to be resolved. If that allegation is true, such statutory procedure would, of course, prevail over a proceeding for declaratory judgment (absent a showing of irreparable harm), and the common pleas court would be divested of its jurisdiction in this matter. Since this allegation challenges the very competency of the common pleas court to enter upon the inquiry at issue here, it clearly *raises* (regardless of the ultimate determination of its validity) a question as to the jurisdiction of the common pleas court sufficient to permit appeal of the overruling of the preliminary objections by which such allegation was made. We, therefore, must deny the motion to quash.

Appellee argues, however, that the case of *2401 Pennsylvania Avenue Corp. v. Southland Corp.*, 236 Pa. Superior Ct. 102, 344 A.2d 582 (1975), dictates a contrary result. There a tenant sought to appeal the denial of its preliminary objections by asserting that the landlord's alleged noncompliance with The Landlord and Tenant Act of 1951, Act of April 6, 1951, P.L.

69, *as amended,* 68 P.S. §250.101 et seq., deprived the Municipal Court of Philadelphia County of jurisdiction over the landlord's summary action for possession of the premises in question. The Superior Court held that the preliminary objections raised no question of jurisdiction, for there, the allegation, even if true, "in no way affects the Municipal Court's jurisdiction." *Id.* at 104, 344 A.2d at 583. Since here, in contrast, the allegation, if true, certainly does affect the jurisdiction of the court below, we find appellee's reliance upon *2401 Pennsylvania Avenue Corp., supra,* is misplaced.

Having denied appellee's motion to quash we must now address the merits of appellant's appeal. Appellant's argument is that the Public Contracts Act provides an exclusive statutory framework for the resolution of this dispute through arbitration and therefore the common pleas court has no jurisdiction to entertain appellee's petition for declaratory judgment. It is, of course, true, as appellant contends, that generally the existence of a statutory remedy for a specific type of case precludes a party's seeking other relief. However, we cannot apply that general rule to the facts before us. Among the other requirements imposed upon a bidder seeking to withdraw a bid from consideration after the bids have been opened, Section 2 of the Public Contracts Act expressly requires that notice of a claim of the right to withdraw such bid must "be made in writing with the contracting body *within two business days after the opening of bids.* . . ." (Emphasis added.) Here it is *undisputed* that appellant did not so notify appellee until four business days after the bids had been opened, which took place at the advertised time. Since there is no question that appellant failed to comply with the threshold notice requirement of the Public Contracts Act, we cannot uphold appellant's position that it is nonetheless still

entitled to the arbitration procedures of the same statute, the operation of which is conditioned upon timely notice. We cannot find that the hearing provided by appellee in November 1976 constituted a waiver or estoppel against appellee's present position challenging appellant's assertion of the Public Contracts Act. We must conclude, therefore, that the Public Contracts Act by its own terms is inapplicable to this case. Therefore, the common pleas court did not err in overruling appellant's preliminary objections challenging the court's jurisdiction to entertain the appellee's petition for declaratory judgment.

Accordingly, we will enter the following

ORDER

Now, August 1, 1978, the motion to quash filed by the Palmyra Borough Authority at No. 33 T.D. 1977 is hereby denied. The order of the Lebanon County Court of Common Pleas at No. 54, Year 1977, dated August 10, 1977, overruling the preliminary objections of Perry Construction, Inc. and granting Perry Construction, Inc. fifteen (15) days to answer the averments of fact contained in the petition for declaratory judgment filed by the Palmyra Borough Authority at No. 54, Year 1977, is hereby affirmed.

DISSENTING OPINION BY JUDGE DiSALLE:

I respectfully dissent.

Section 4 of the Act of January 23, 1974, (Public Contracts Act), P.L. 9, 73 P.S. §1604, specifies the procedure to be followed in contests involving the right to withdraw a bid from consideration after its opening. First, if the contracting body intends to contest the right of a bidder to withdraw a bid, it must hold a hearing on the claim. Second, if the contracting body denies the claim for withdrawal, the bidder may elect

to arbitrate the matter. In the instant case, Appellee scheduled and held a hearing on Appellant's request to withdraw its bid. Subsequent to the denial of the request, Appellant informed Appellee of its election to submit the dispute to arbitration. Appellee then filed its petition for declaratory judgment seeking a determination of whether the failure to comply with the timely notice requirement of Section 2 of the Public Contracts Act, 73 P.S. §1602, precludes a bidder from demanding arbitration. Appellant thereafter filed the preliminary objections which are presently before us. Since Appellee purported initially to follow the prescribed procedure by conducting a hearing, I believe it cannot attempt to circumvent the next required step, arbitration, by requesting declaratory judgment. In changing direction in mid-stream, so to speak, Appellant is, in effect, forum shopping. This we cannot permit. Feeling as I do that Appellee's actions amounted to a waiver or estoppel of its right to invoke the equity jurisdiction of the lower court, I would reverse the dismissal of Appellant's preliminary objections. In light of the above, it is not necessary to reach the merits of Appellee's petition.[1]

Judge Rogers joins in this dissent.

---

[1] A reading of Sections 2 and 4 suggests that all questions raised in connection with the right of a bidder to withdraw must be submitted to arbitration. Section 2 has two qualifications on the right to withdraw: the first is that of the two day written notice, and the second is that the bid may not be withdrawn if the result would be the award of the contract on another bid of the withdrawing bidder, or that of an enterprise in which the withdrawing bidder has an interest. Obviously, the issue of whether a withdrawing bidder had an interest in an enterprise which was awarded the bid is arbitrable under Section 4. Since no distinction is made between the two provisos, we should make none. Certainly, no harm would result if, in this case, the question of timeliness of notice were submitted to arbitration. I see no need to encumber our courts with matters for which the legislature has provided a statutory remedy.