## Walsh v. Walsh

*John C. Carlin, Jr.,* for plaintiff.
*Louis Anstandig,* for defendant.

FINKELHOR, *J.,* December 14, 1979—The above matter comes before the court on defendant's preliminary objections in the nature of a demurrer, based upon interspousal immunity, 48 P.S. §111, to plaintiff's complaint.

This is a trespass action for personal injuries arising out of a motor vehicle collision which occurred on July 2, 1977. Plaintiff and defendant were husband and wife at the time of the accident and were husband and wife at the time the action was filed. Wife plaintiff was a passenger in a motor vehicle being operated by the husband and the injuries occurred as a result of a one-car accident. Plaintiff, further alleges that, after the accident and the serious injuries suffered by plaintiff, defendant voluntarily left their common residence and that such departure was an abandonment by the husband. The parties are presently divorced.

As both parties agree that the accident occurred during the marriage, the legal issue is whether interspousal immunity bars this complaint.

Interspousal immunity, or the immunity of one spouse from suit by the other, is set forth in the Act of June 8, 1893, P.L. 344, as amended by the Act of March 27, 1913, P.L. 14, 48 P.S. §111:[1]

---

1. The interpretation of this legislation has been in dispute in recent appellate decisions. See DiGirolamo v. Apanavage, 454 Pa. 557, 312 A. 2d 382 (1973), dissenting opinion of Mr. Justice Roberts, at 563: "Not only is this Court alone responsible for the existence of spousal immunity in Pennsylvania, but the process leading to adoption of this unfortunate rule is a

"Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; *but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property;* nor may he sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property; nor may she be arrested or imprisoned for her torts." (Emphasis supplied.)

Plaintiff contends that the concept of interspousal immunity is a violation of the Pennsylvania Equal Rights Amendment, Art. I, §28, of the Pennsylvania Constitution, and, in addition, cites the Act of May 1, 1913, P.L. 146, 48 P.S. §114, to permit an action by the wife against the husband where the wife has been abandoned or deserted by her spouse.

The text of this act, passed by the legislature two months after the interspousal immunity act, previously quoted, provides as follows:

"From and after the passage of this act, any wife, who has been deserted, abandoned, or driven from her home by her husband, may sue her husband civilly, in any court of this Commonwealth having the jurisdiction, upon any cause of action now existing or hereafter accruing, with like effect as if

---

classic example of blind adherence to precedent. The majority recognizes, as well it must, that social policies which may at one time have justified spousal immunity have ceased to exist, but claims to be bound by the pronouncements of the Legislature. Although the Legislature has addressed the question of spousal immunity, its enactments, as well as current public policy, compel abolition, not retention, of this antiquated doctrine. . . ."

such wife were a feme sole; and in such case the wife shall be a competent witness against the husband: Provided, however, That nothing in this act contained shall be deemed to destroy the right of survivorship in any land heretofore or hereafter conveyed to such wife and husband jointly."

It is defendant's position that the above statute is presently unconstitutional as it only creates a cause of action in the wife and not in the husband: Com. v. Butler, 458 Pa. 289, 328 A. 2d 851 (1974); Corso v. Corso, 59 D. & C. 2d 546 (1972); Adoption of Walker, 468 Pa. 165, 360 A. 2d 603 (1976), and therefore does not provide an exception to interspousal immunity.

While we have serious questions as to the validity of the interspousal immunity concept under present social conditions and concepts of equality,[2] it is not necessary for this court to consider the validity or constitutionality of statutory limitations on suits by one spouse against another.

The Act of October 4, 1978, P.L. 909, sec. 1, 1 Pa.C.S.A. §2301(a), provides as follows:

"In recognition of the adoption of section 28 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that where in any statute heretofore enacted there is a designation restricted to a single sex, the designation shall be deemed to refer to both sexes unless the designation does not operate to deny or abridge equality of rights under the law of this Commonwealth because of the sex of the individual."

---

2. DiFlorido v. DiFlorido, 459 Pa. 641, 331 A. 2d 174 (1975).

Under this recent act, it would appear to be the intent of the legislature to interpret those statutes which limit a right to a single sex, to refer to both sexes. Thus, in the Act of May 1, 1913, at issue in the instant proceedings, the right of a deserted or abandoned wife to bring suit would also include the right of a deserted or abandoned husband.

Therefore, based on the complaint, as filed, plaintiff has alleged abandonment and would appear to fall within the scope of the "abandoned wife" (spouse) exception to interspousal immunity.

The preliminary objections are dismissed and an appropriate order is attached hereto.

## ORDER

And now, December 14, 1979, upon the preliminary objections of defendant in the nature of a demurrer and after consideration of the arguments of counsel and the Act of October 4, 1978, it is hereby ordered, adjudged and decreed that the preliminary objections of defendant are dismissed.

It is further ordered that defendant shall have 20 days to file an answer to said complaint.