**Leone v. McReynolds**

*Carl S. Primavera*, for plaintiff.
*Robert C. Nathan* and *Terry L. Fromson*, for defendant.

TAKIFF, *J.*, March 26, 1980—Defendant's petition for reconsideration of the order of July 5, 1979, is presently before the court. This court had previously sustained the preliminary objections of defendant Samuel McReynolds, Jr. which raised the issue of improper service and lack of personal jurisdiction over him, pending submission of plaintiff's affidavit of compliance with Pa.R.C.P. 2079, which was thereafter tendered.

The history of plaintiff's unsuccessful attempts to serve defendant personally at 1210 Morris Street, Philadelphia, and at Metropolitan Hospital are chronicled in our opinion and order of June 15, 1979. Also recited are plaintiff's subsequent attempts to ascertain defendant's whereabouts and ultimate resort to Pa.R.C.P. 2079 for service of a resident who conceals his whereabouts or a resident who becomes a nonresident. Defendant's preliminary objections stated that neither personal service under Pa.R.C.P. 1009 nor substituted service under Pa.R.C.P. 2079 were valid, as defendant did not reside at the places where the sheriff attempted service and, although he admits that he is a resident of Philadelphia, he has not concealed his whereabouts. Defendant, however, has refused to reveal his present whereabouts and will not authorize his attorney to accept service on his behalf.

The opinion of June 15, 1979, did not reflect any conclusion by the court regarding the sole factual contention (as opposed to legal conclusions) on which there existed a dispute: whether Samuel McReynolds, Jr. was a resident of 1210 Morris Street or Metropolitan Hospital on the dates of at-

tempted personal service. The court was satisfied that the reported efforts of plaintiff preceding his utilization of Pa.R.C.P. 2079 were adequate under the then-existing version of the rule, as interpreted by Gonzales v. Polis, 238 Pa. Superior Ct. 362, 357 A. 2d 580 (1976), and Austin v. Goode, 47 D. & C. 2d 545 (1969). Because plaintiff's memorandum of law describing these efforts was unverified, however, we could not then overrule the preliminary objections. Plaintiff was given leave to submit an affidavit of verification of these attempts at service and, upon submission of that affidavit, service was approved by the order of July 5, 1979 under the amended rules then governing. The amendment to Pa.R.C.P. 2079, effective April 16, 1979, essentially recognized the particular problems surrounding service on a defendant who concealed his whereabouts as distinguished from a defendant who becomes a nonresident. It authorized service on a defendant who concealed his whereabouts pursuant to a special court order based upon an affidavit from plaintiff of his frustration in effecting personal service and his bona fides in ascertaining defendant's whereabouts. The affidavit submitted by plaintiff fulfilled that requirement. Rather than issue a special order directing the manner of service, we recognized the circumstances of this case in (1) plaintiff's full compliance with the rule prior to amendment, and (2) defendant's actual notification and receipt of the complaint, as evidenced by his attorney's representation and prosecution of preliminary objections. Service, we concluded, had thus been adequately made.

Defendant now petitions for reconsideration of our determination of the validity of service, contending deprivation of his opportunity to proceed

under Pa.R.C.P. 209 to take depositions to rebut averments of fact in plaintiff's answers to objections and affidavit of efforts to learn defendant's whereabouts. As previously discussed, no issues of fact raised in the preliminary objections and answers were relevant to our conclusion that service under Pa.R.C.P. 2079 was valid. Defense counsel's efforts to depose defendant, his estranged wife, his mother, and the custodian of records of Metropolitan Hospital to establish defendant's nonresidence at either 1210 Morris Street or Metropolitan Hospital when service was previously attempted would be delaying and time consuming but not productive. Additionally, we observe that at no time from the filing of the preliminary objections on April 9, 1979 and answers thereto on April 18, 1979, until the court's ruling on June 15, 1979, was the court notified of defendant's intentions to proceed under Pa.R.C.P. 209 to take the depositions. Any curtailment of defendant's rights thereunder was unintentional, although we conclude that it was harmless, as our conclusion was predicated on different issues.

Defendant's rights have been respected and service has been accomplished in accordance with Pa.R.C.P. 2079, both pre- and post-amendment. This procedural imbroglio is testimony to defendant's artful maneuvering to avoid legal process. We will countenance it no further.

Whereupon we enter the following

## ORDER

And now, March 26, 1980, upon consideration of defendant's etition for reconsideration and following argument held, it is hereby ordered and decreed that said petition is denied.