J-S10016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LISA COLTON | |
| Appellant | No. 613 EDA 2017 |

Appeal from the Order Entered January 9, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 150900357

BEFORE: GANTMAN, P.J.E, STABILE, and COLINS,* JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 09, 2019**

Appellant, Lisa Colton, appeals from the January 9, 2017 order denying her petition to open a default judgment in favor of Appellee, The Bank of New York Mellon ("BNYM"). We affirm.

BNYM filed this foreclosure action against Appellant on September 10, 2015. The property involved is located at 319-321 South Third Street, Philadelphia ("the 319 Action"). A separate foreclosure action between BNYM and Appellant, involving an adjacent property at 323 South Third Street ("the 323 Action") was pending before the 319 Action began. Appellant was represented by counsel in the 323 Action.

---

* Retired Senior Judge assigned to the Superior Court.

BNYM reinstated the complaint in the 319 Action on January 6, 2016, but was unable to serve Appellant after multiple attempts. On February 23, 2016, BNYM filed a motion for alternative service pursuant to Pa.R.C.P. No. 430. The trial court granted that motion the next day, permitting BNYM to serve Appellant by posting the property and by mail, in accord with Pennsylvania Rules of Civil Procedure 430(a) and 410(c)(2) and (3). Appellant never responded, and a default judgment against her was entered on June 17, 2016. On September 14, 2016, Appellant filed a petition to open the default judgment, along with a proposed answer, new matter, and counterclaim. On January 6, 2017, at the conclusion of a hearing, the trial court denied Appellant's petition. This timely appeal followed.

On appeal, Appellant claims the trial court erred in denying her petition to open the default judgment because BNYM did not make a good faith effort to locate her prior filing its motion for alternate service. "A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." *Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011). To be successful, a petition to open judgment must be timely filed, must demonstrate that the failure to file a timely answer can be excused, and must show a meritorious defense. *PNC Bank, N.A. v. Unknown Heirs*, 929 A.2d 219, 228 (Pa. Super.

2007). Before we examine the merits of the petition, however, we must determine whether the plaintiff properly served the defendant. *Id.* A court without personal jurisdiction over a party cannot enter judgment against that party. *Aquilino v. Philadelphia Catholic Archdiocese*, 884 A.2d 1269, 1280 (Pa. Super. 2005). "[A]ction taken by a court without jurisdiction is a nullity. Because jurisdiction over a person is dependent upon proper service, the Pennsylvania Supreme Court has held that the rules relating to service of process must be strictly followed." *Id.*

Instantly, after several unsuccessful attempts to serve Appellant, BNYM moved for alternate service under Pa.R.C.P. No. 430(a). Rule 430(a) provides:

> (a) If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.
>
>> *Note:* A sheriff's return of "not found" or the fact that a defendant has moved without leaving a new forwarding address is insufficient evidence of concealment. **Gonzales v. Polis**, 357 A.2d 580 (Pa. Super. 1976). Notice of intended adoption mailed to last known address requires a "good faith effort" to discover the correct address. **Adoption of Walker**, 360 A.2d 603 (Pa. 1976).
>>
>> An illustration of a good faith effort to locate the defendant includes (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration

records, local tax records, and motor vehicle records, and (4) a reasonable internet search.

Pa.R.C.P. No. 430(a).

Thus, before seeking to effect service under Rule 430(a), a plaintiff must make a good faith effort to locate the defendant, and the Rule 430(a) affidavit must detail the plaintiff's good faith efforts. This is so because due process requires notice. *PNC Bank, N.A.*, 929 A.2d at 230. "The adequacy of this notice, as applied to substituted service, depends upon whether it is reasonably calculated to give the party actual notice of the pending litigation and an opportunity to be heard." *Id.*

BNYM filed an affidavit indicating that Appellant's last known address, per credit bureau and local tax office inquiries, was 319-321 South Third Street, Philadelphia. Affidavit in Support of Motion for Alternative Service, 2/23/16, at Exhibit D. Attempts to serve Appellant at that address were unsuccessful, and the property appeared to be vacant. *Id.* BNYM unsuccessfully attempted to contact Appellant at six telephone numbers garnered from credit bureau listings. *Id.* BNYM unsuccessfully attempted to serve Appellant at an address under her name in Pearl River, New York, and BNYM was unsuccessful in contacting Appellant's nearest neighbors in New York. *Id.*

Despite the foregoing, Appellant argues BNYM's efforts fell short because BNYM failed to contact Appellant's attorney of record in the 323 Action. The law is clear, however, that "[a] lawyer has no authority to accept

- 4 -

service of process on behalf of his client in a suit other than that for which he was employed." ***U.K. LaSalle, Inc. v. Lawless***, 618 A.2d 447, 450 (Pa. Super. 1992). Appellant never produced any evidence that her counsel in the 323 Action had authority to accept service. The same attorney now represents Appellant in this action. At the hearing on the petition to open, counsel stated his belief that BNYM was required to take all proper steps to effect valid service of the 319 Action, regardless of the pending 323 Action. N.T. Hearing, 1/6/17, at 18-19. Appellant did not appear personally at the hearing, and counsel gave no indication that he would have accepted or facilitated service of this action.

Appellant also argues that BNYM should have asked the trial court to order service of the 319 Action upon counsel for the 323 Action, in accord with Rule 410(c)(4). ***See*** Pa.R.C.P. No. 410(c)(4) ("If service is made pursuant to an order of court under Rule 430(a) the court shall direct one or more of the following methods of service: […] such other methods, if any, as the court deems appropriate to give notice to the defendant."). Appellant, however, cites no law for the extraordinary proposition that Rule 410(c)(4) permits a trial court to order an attorney to accept service on behalf of a client, without the client's authority, in any matter pending against that client.

In summary, Appellant argues that BNYM failed to act in good faith under Rule 430(a) because BNYM failed to contact counsel for the 323 Action, even though, pursuant to ***Lawless***, counsel for the 323 Action could not have

accepted service of the 319 Action without Appellant's authority. The record fails to establish that counsel had such authority. Thus, it appears that providing notice of the present action to counsel in the 323 Action would have been fruitless. Appellant has provided no legal or factual basis to support a different conclusion. The law required BNYM to make efforts reasonably calculated to give Appellant notice of the 319 Action. **PNC Bank, N.A.**, 929 A.2d at 230. The law does not require efforts that are obviously futile. We discern no abuse of discretion in the trial court's decision to deny Appellant's petition to open the default judgment.

Order affirmed.

Judge Colins did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/19