473 A.2d 1084

**In re Tammy Lynn MAYNARD, a minor.**

**Appeal of Eugene FALKENBERG.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1984.

Filed March 30, 1984.

Petition for Allowance of Appeal Denied July 20, 1984.

Victor A. Neubaum, Jr., York, for appellant.

Sharon Eileen Myers, York, for appellee.

Before WICKERSHAM, DEL SOLE and MONTEMURO, JJ.

WICKERSHAM, Judge:

On August 9, 1982, appellant Eugene Falkenberg's parental rights to his daughter, Tammy Lynn, were involuntarily terminated. Appellant filed a petition to vacate the judgment terminating his parental rights on October 7, 1982. In the petition, appellant alleged that he had never received notice of the termination hearing. An evidentiary hearing limited to the notice question was held on November 22, 1982. On February 28, 1983, the lower court dismissed appellant's petition to vacate the judgment. The appellant filed exceptions, but on April 18, 1983, the court dismissed all of the exceptions and made the order final. Appellant filed this timely appeal.

At the time of this proceeding, section 2513(b) of the Adoption Act[1] required that notice of a hearing on a petition to involuntarily terminate the parental rights of another must be sent by certified mail[2] to "the last known

1. Act of October 15, 1980, P.L. 934, No. 163, § 1, 23 Pa.C.S.A. § 2513(b).

2. The section now refers to service by *registered* mail. This distinction is inapplicable to the instant case.

address" of the person whose parental rights are to be terminated. In *Adoption of Walker*, 468 Pa. 165, 360 A.2d 603 (1976), our supreme court held that this requirement of service by mail at the last known address implies a good faith effort to discover the parent's *correct* address.

Appellant alleges that appellee Terry Maynard failed to make a good faith effort to send notice of the termination proceeding to him. Appellant asks us to consider the following issue:

Whether Terry Maynard made a "good faith" effort to send notice of the termination hearing to Eugene Falkenberg at his last known address?

Brief for Appellant at 3.

The lower court found that appellee made a good faith effort to send notice to appellant at his last known address. Therefore, the lower court refused to grant appellant's petition to vacate the judgment terminating his parental rights. We recognize that a refusal to vacate a judgment is a decision within the trial court's discretion and unless the court abuses that discretion or makes an error of law, we will not disturb the trial court's ruling. *Kennedy v. Black*, 492 Pa. 397, 424 A.2d 1250 (1981); *Ab v. Continental Imports*, 220 Pa.Super. 5, 281 A.2d 646 (1971). We also note that appellant bears the burden of establishing his claim of appellee's failure to provide him with "good faith" notice in order to obtain the relief sought. *See In re Adoption of R.H.*, 485 Pa. 157, 161, 401 A.2d 341, 343 (1979). Despite these strict standards, we feel we must reverse the lower court ruling because the court erred in its interpretation of the notice requirements of the Adoption Act as applied to the facts of this case.

At the original termination hearing, appellee Terry Dawn Maynard, the natural mother of Tammy Lynn, testified that her attorney sent notice of the termination hearing to appellant at an address in Ocala, Florida. The notice came back "unclaimed." She further testified that this Florida address was, to the best of her knowledge, appellant's last known address.

In his petition, appellant averred that he had informed Terry, his estranged wife, that he was going to Florida for a few months to work, but that he could be contacted through his mother or his sister in Colorado at addresses known to appellee. Terry denied these allegations.

At the hearing on November 22, 1982, much conflicting testimony was presented. The gist of appellant's testimony was that appellee at all times was aware of addresses through which he could be reached. Appellee's testimony indicated that she had been attempting to contact appellant for quite some time for the purpose of securing child support, but was unable to locate him. We recognize that the lower court found that the testimony presented by appellee was more credible than that presented by appellant. It was within his discretion, as the trier of fact, to assess the credibility of the witnesses.

Nevertheless, there are certain uncontradicted facts in the record that require us to reverse the holding of the lower court. Appellee admitted that a few days prior to the termination hearing she supplied her divorce attorney (an attorney different from the attorney who represented her throughout the termination proceedings) with three addresses other than the Florida address at which appellant might be reached. One of these was appellant's mother's old address in Colorado. Notice sent to this address resulted in eventual contact with the father for purposes of the divorce action.

The lower court held that appellee's failure to attempt to serve notice to appellant through this Colorado address did not indicate bad faith. "The mother [appellee] was merely complying with the request from her divorce proceeding attorney for other possible addresses for the father but does not show that she did not, in good faith, believe that Ocala, Florida was his last known real address where notice could possibly reach him." Lower ct. op., 4–18–83, at 3. We disagree with the lower court's analysis of what was legally required of appellee. While appellee may have complied with the literal wording of the Adoption

Act when she sent notice to appellant's "last known address", the evidence indicates that she did not make a "good faith" effort to discover appellant's *correct* address as required by *Adoption of Walker, supra*.

■ Appellee knew that her attempts to serve notice on appellant at the Ocala, Florida address had been unsuccessful. She also knew prior to the termination hearing that appellant could possibly be contacted through the Colorado address. Given the overwhelming importance and the finality of a termination of parental rights proceeding, we cannot agree that a failure to attempt to serve appellant at this Colorado address known to appellee was not indicative of bad faith. Appellee knew that the Florida address was not current and she had the means to at least attempt to properly serve appellant through the Colorado address. *See Adoption of Walker, supra.* Section 2513(b) of the Adoption Act as interpreted in *Walker* required appellee to attempt to serve appellant at the Colorado address. Therefore, we feel constrained to reverse the ruling of the lower court.

Because of our disposition of appellant's first issue, we find it unnecessary to address his remaining two issues.[3] The order of the lower court dismissing appellant's petition to vacate the decree of involuntary termination is reversed. Thus, the judgment of termination is vacated and the lower court is directed to conduct a new evidentiary hearing to determine whether appellant's parental rights should be terminated.

Order reversed. Jurisdiction is relinquished.

**3.** Appellant states the remaining issues as follows:
   2. Whether the decree terminating the parental rights of Eugene Falkenberg should be vacated because it is based on erroneous and incomplete testimony of the mother, Terry Maynard?
   3. Whether the decree terminating the parental rights of Eugene Falkenberg was based on the correct application of the burden of proof in such actions?
Brief for Appellant at 3.