**In the Matter of the ADOPTION OF: K.G.M. and T.J.M.**

**Appeal of: J.T.M., Natural Father.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 2004.
Filed March 5, 2004.

Michael J. Niles, Erie, for appellant.

Veronica P. Young, Erie, for Y.V., appellee.

* Retired Justice assigned to the Superior Court.

Joseph E. Sinnott, Erie, for K.G.M. and T.J.M., appellees.

BEFORE: LALLY–GREEN, MONTEMURO,* and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 J.T.M. (Father) appeals the trial court's grant of a decree confirming his purported consent to the adoption of his two children, K.G.M. and T.J.M., by their mother and step-father. Father argues that the trial court erred in confirming his consent to the adoption when he had not been served properly with notice of the hearing. We agree with Father and therefore vacate the Confirm Consent Decree and remand for further proceedings.

¶ 2 Father and V.P.Y. (Mother) are the natural parents of K.G.M. and T.J.M., currently ages twelve and eleven, respectively. Mother is currently married to B.S.Y. The children have lived with Mother and B.S.Y. for eight years.

¶ 3 On July 19, 2002, Father signed a Consent of Parent form indicating his intent to relinquish voluntarily his parental rights (hereinafter 2002 Consent). In May 2003, Mother and B.S.Y. filed a Petition for Adoption and a Petition to Confirm Consent. A hearing was scheduled for July 9, 2003. According to Father, Mother sent notice of the hearing to the address of Father's former employer rather than his current address, of which he asserts Mother knew. The address which Mother allegedly used was the address specified on the 2002 Consent as the "Place of Execution of [Father's] Signature." At the hearing, without Father present, the trial court made a brief inquiry into whether Father had notice of the hearing to which Mother replied "almost positive, yes." Based on Mother's verification of Father' signature on the 2002 Consent, the trial court grant-

ed a decree confirming Father's consent to the adoption and terminating Father's parental rights. Father asserts that he received notice of the hearing after the fact and filed a notice of appeal on August 5, 2003, claiming that he would have revoked the consent had he received proper notice of the hearing.

■ ¶ 4 Father presents the following question for our review:

> WHETHER THE LOWER COURT ERRED IN CONFIRMING THE CONSENT OF [FATHER] WHEN THERE WAS NO PROOF THAT HE HAD BEEN PROPERLY SERVED NOTICE OF THE HEARING TO CONFIRM THE CONSENT?

Brief for Appellant at 1.

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses, and on review, we will not reverse its credibility determinations absent an abuse of that discretion.

*In re A.J.B.*, 797 A.2d 264, 266 (Pa.Super.2002).

¶ 5 Father does not contest the trial court's statement of the controlling law regarding the procedure that should have been followed in this case. As noted by the trial court, the Adoption Act, 23 Pa. C.S. §§ 2101—2910, has set forth requirements for the relinquishment of parental rights by consent:

> **§ 2504. Alternative procedure for relinquishment**
>
> (a) **Petition to confirm consent to adoption.**—If the parent or parents of the child have executed consents to an adoption as required by section 2711 (relating to consents necessary to adoption) but have failed for a period of 40 days after executing the consent to file or proceed with the petition for voluntary relinquishment of parental rights provided for in this subchapter, the intermediary may petition the court to hold a hearing for the purpose of confirming the intention of the parent or parents to voluntarily relinquish their rights and duties as evidenced by the consent or consents to the adoption, the original of which shall be attached to the petition. In the case where there is no intermediary, the adoptive parent or parents may file the petition.
>
> (b) **Hearing.**—Upon presentation of a petition filed pursuant to this section, the court shall fix a time for a hearing which shall not be less than ten days after filing of the petition. Notice of the hearing shall be by personal service or by registered mail or by such other means as the court may require upon the consenter and shall be in the form provided in section 2513(b) (relating to hearing). Notice of the hearing shall be given to the other parent or parents, to the putative father whose parental rights could be terminated pursuant to subsection (c) and to the parents or guardian of a consenting parent who has not reached 18 years of age. The notice shall state that the consenting parent's or putative father's rights may be terminated as a result of the hearing. After hearing, which shall be private, the court may enter a decree of termination of parental rights in the case of a relinquishment to an adult or a decree of termination of parental rights and duties, including the obligation of

support, in the case of a relinquishment to an agency.

23 Pa.C.S. § 2504(a), (b).

Furthermore, the Adoption Act specifically addresses the notice requirement:

### § 2721. Notice of hearing

The court shall fix a time and place for hearing. Notice of the hearing shall be given to all persons whose consents are required and to such other persons as the court shall direct. Notice to the parent or parents of the adoptee, if required, may be given by the intermediary or someone acting on his behalf. Notice shall be by personal service or by registered mail to the last known address of the person to be notified or in such other manner as the court shall direct.

23 Pa.C.S. § 2721.

¶ 6 The parties do not dispute that because Father "failed for a period of 40 days after executing the consent to file or proceed with the petition for voluntary relinquishment of parental rights," Mother and B.S.Y. were allowed to "petition the court to hold a hearing for the purpose of confirming the intention of the parent . . . to voluntarily relinquish [his] rights and duties as evidenced by the consent . . . to the adoption[.]" 23 Pa.C.S. § 2504(a). The statute requires that notice of the hearing be provided "by personal service or by registered mail to the last known address of [Father] or in such other manner as the court shall direct." 23 Pa.C.S. § 2721. We have previously required a "good faith" effort to provide notice to a parent of a hearing which may result in the termination of the individual's parental rights. See Adoption of Walker, 468 Pa. 165, 360 A.2d 603, 607 (1976); In re Maynard, 326 Pa.Super. 266, 473 A.2d 1084, 1086 (1984).

¶ 7 Father argues that the trial court erred in confirming the consent without properly ascertaining whether Father had notice of the hearing. Brief for Appellant at 3. Father asserts that Mother sent the notice of the hearing to his former employer's address rather than the address where he has lived since September 2002. Brief for Appellant at 3. He contends that Mother previously used his current address, although he fails to provide any documentation in support. Brief for Appellant at 3. He also states that he did not receive the forwarded notice until after the hearing date, although, again, he provides no evidence. Brief for Appellant at 3. Father further contests the trial court's reliance on Mother's testimony concerning whether Father had notice of the hearing. Brief for Appellant at 3–4.

¶ 8 The trial court based its conclusion of proper notice on the fact that Mother sent the notice by first class mail and that she testified that she was "almost positive" that Father was aware of the hearing. Trial Court Opinion (T.C.O.), 9/10/03, at 2. The court also based its conclusion of sufficient notice on its finding that Mother had spoken with Father after the notice was sent but before the hearing. T.C.O., 9/10/03, at 3.

¶ 9 We have previously concluded that we require strict compliance with the procedures for termination of parental rights based on a petition to confirm consent:

Termination of parental rights is a drastic measure that should not be taken lightly. Not only are [father's] rights at stake here, but [the child's] right to a relationship with her father is also at stake. Our Supreme Court has written:

To effect an adoption, the legislative provisions of the Adoption Act must be strictly complied with. Our courts have no authority to decree an adoption in the absence of the statutorily

required consents. Nor may exceptions to the Adoption Act be judicially created where the Legislature did not see fit to create them.

*In re Adoption of E.M.A.,* [487 Pa. 152, 409 A.2d 10, 11 (1979)]. Likewise, we will not terminate parental rights upon a petition to confirm consent to adoption where the statutory requirements have not been satisfied.

*In re Adoption of Stickley,* 432 Pa.Super. 354, 638 A.2d 976, 980 (1994).

¶ 10 The transcript of the confirm consent/adoption hearing does not indicate that the trial court inquired whether Father received written notice of the hearing, and Mother did not testify that she sent the notice to what she believed was his "last known address." 23 Pa.C.S. § 2721. Furthermore, we are unwilling to conclude on the present facts that Mother made a "good faith" effort to provide Father with notice. *See Walker,* 360 A.2d at 607; *Maynard,* 473 A.2d at 1086. Indeed, the record suggests that she attempted service merely by first class mail rather than registered mail. T.C.O., 9/10/03, at 3.

¶ 11 We are also unwilling to find sufficient notice based solely on Mother's statement that she was "almost positive" that Father was aware of the hearing. We will not affirm the "drastic measure" of terminating Father's rights on such an inconclusive statement. *Stickley,* 638 A.2d at 980. Furthermore, we do not find sufficient notice based on the trial court's conclusion that Mother "had spoken with [Father] after the notice was sent out before the hearing." T.C.O., 9/10/03, at 3. The trial court relies on the following testimony:

THE COURT: Have you had any contact with [Father] since he signed this consent indicating that he wished to revoke it or wished to withdraw?

[MOTHER]: No contact that he would revoke or withdraw. We have had contact.

THE COURT: He is aware of the hearing as well?

[MOTHER]: Almost positive, yes.

N.T., 7/9/03, at 3. This testimony supports a finding that Mother has had contact with Father since he signed the consent on July 19, 2002, but does not necessarily suggest any contact since she sent the notice regarding the hearing. Furthermore, the testimony does not suggest that the contact that occurred in fact provided Father with notice of the hearing.

¶ 12 We are reluctant to vacate the trial court's grant of the petition and further delay the adoption by the step-father who apparently has served as the children's father figure for eight years. We are unwilling to allow the termination of Father's parental rights, however, without strict compliance with the procedures set forth by the Legislature. Based on the scant testimony relating to the notice provided to Father, we are unable to determine whether Father in fact received notice or whether Mother made a good faith effort to provide notice to Father's last known address. Therefore, we must vacate the decree and remand for further proceedings not inconsistent with this Opinion.

¶ 13 Decree **VACATED,** case **RE-MANDED,** jurisdiction **RELIN-QUISHED.**