J. S38001/14 & J. S38002/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE:  ADOPTION OF J.J.J. | : IN THE SUPERIOR COURT OF |
| | :    PENNSYLVANIA |
| APPEAL OF:  E.L.H., BIOLOGICAL | : |
| MOTHER, | : |
| | :    No. 536 EDA 2014 |
| Appellant | : |

Appeal from the Decree, November 6, 2013,
in the Court of Common Pleas of Montgomery County
Orphans' Court Division at No. 2013-A0190

| | |
|---|---|
| IN RE:  ADOPTION OF M.L.J. | : IN THE SUPERIOR COURT OF |
| | :    PENNSYLVANIA |
| APPEAL OF:  E.L.H., BIOLOGICAL | : |
| MOTHER, | : |
| | :    No. 537 EDA 2014 |
| Appellant | : |

Appeal from the Decree, November 6, 2013,
in the Court of Common Pleas of Montgomery County
Orphans' Court Division at No. 2013-A0191

| | |
|---|---|
| IN RE:  ADOPTION OF G.M.J. | : IN THE SUPERIOR COURT OF |
| | :    PENNSYLVANIA |
| APPEAL OF:  E.L.H., BIOLOGICAL | : |
| MOTHER, | : |
| | :    No. 538 EDA 2014 |
| Appellant | : |

Appeal from the Decree, November 6, 2013,
in the Court of Common Pleas of Montgomery County
Orphans' Court Division at No. 2013-A0192

J. S38001/14 & J. S38002/14

| | | |
|---|---|---|
| IN RE:  ADOPTION OF J.J.J. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPEAL OF:  M.J., BIOLOGICAL | : | |
| FATHER, | : | |
| | : | No. 539 EDA 2014 |
| Appellant | : | |

Appeal from the Decree, November 6, 2013,
in the Court of Common Pleas of Montgomery County
Orphans' Court Division at No. 2013-A0190


| | | |
|---|---|---|
| IN RE:  ADOPTION OF M.L.J. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPEAL OF:  M.J., BIOLOGICAL | : | |
| FATHER, | : | |
| | : | No. 540 EDA 2014 |
| Appellant | : | |

Appeal from the Decree, November 6, 2013,
in the Court of Common Pleas of Montgomery County
Orphans' Court Division at No. 2013-A0191


| | | |
|---|---|---|
| IN RE:  ADOPTION OF G.M.J. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPEAL OF:  M.J., BIOLOGICAL | : | |
| FATHER, | : | |
| | : | No. 541 EDA 2014 |
| Appellant | : | |

Appeal from the Decree, November 6, 2013,
in the Court of Common Pleas of Montgomery County
Orphans' Court Division at No. 2013-A0192


BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND SHOGAN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:**FILED SEPTEMBER 17, 2014**

E.L.H. ("Mother") and M.J. ("Father") appeal from the decrees dated and entered November 6, 2013, that granted the petitions filed by the Montgomery County Office of Children and Youth ("OCY" or the "Agency"), to involuntarily terminate their parental rights to their dependent, male child, J.J.J., born in November of 2009, and dependent, twin female children, M.L.J. and G.M.J., born in June of 2007 (the "Children"), pursuant to Section 2511(a)(2), (8), and (b) of the Adoption Act, 23 Pa.C.S.A. § 2511(a)(2), (8), and (b).[1]  We affirm.

On October 3, 2013, OCY filed petitions seeking to involuntarily terminate the parental rights of Mother and Father to the Children.  The trial court held a hearing on the petition on November 6, 2013.  The preliminary decrees entered on October 8, 2013, provided that the hearing for the petition for termination was scheduled for November 6, 2013, at 1:30 p.m. in Courtroom 15 at One Montgomery Plaza, 4th Floor, Norristown, Pennsylvania.  The preliminary decrees reflect that the trial court served the notice of the hearing on Mother and Father, and on their respective counsel.

At the commencement of the hearing, Mother's counsel, Attorney Edward Danelski, indicated that he had communicated with Mother regarding the case, and was requesting a continuance because Mother was

---

[1] On November 6, 2013, the trial court also changed the permanency goal for the Children to adoption.  Mother and Father have not filed notices of appeal challenging the goal change, however.

not present. (Notes of testimony, 11/6/13 at 3.) Counsel for OCY, Attorney Christina Terebelo, stated that OCY had mailed the notice to Mother and Father at their last known address, _ _ _ Astor Street,[2] Norristown, Pennsylvania, via first class and certified mail. (*Id.*) Attorney Terebelo further stated that OCY did not receive a green card indicating that Mother or Father received the certified mail, but neither the certified mail nor the first class mail had been returned to OCY. (*Id.* at 3-4.) Attorney Terebelo further stated that Mother had contacted OCY on Monday, November 4, 2013, and spoken with the OCY director, Lori O'Connell, regarding the dates, and was reciting information from the petition. (*Id.* at 4.) Additionally, Attorney Terebelo testified that OCY had no reason to believe that Mother was no longer residing at the address where OCY sent the notice or had not received the notice. (*Id.*)

Father's counsel, Attorney Thomas Carroll, joined in the request for a continuance, stating that his last contact with Father had been in September of 2013, via telephone. (*Id.*) Attorney Carroll explained that he had left messages for Father, at the only telephone number Father had provided, and requested Father call him to discuss the termination hearing, but Father had not responded. (*Id.* at 4-5.) Attorney Carroll stated that he had not

---

[2] We note that the address on Astor Street was the same as that reflected on the certified mail receipts, but we have deleted the street number for privacy purposes.

communicated with Father regarding the termination matter since early September. (*Id.* at 5.)

The guardian *ad litem*, Attorney Craig Bluestein, agreed with Attorney Terebelo, and added that, on August 26, 2013, Mother appeared for a permanency hearing for which notice had been sent to the same Astor Street address used for the termination hearing notice. (*Id.*) Counsel for Mother and Father agreed that they had no other address for their clients. (*Id.* at 5-6.) The trial court found the notice sufficient, and denied the continuance requests. (*Id.*)

After a brief recess, OCY presented the testimony of Lisa Mongan, the ongoing caseworker assigned to the family. (*Id.* at 8-9.) Counsel for Mother and Father cross-examined Ms. Mongan, as did the guardian *ad litem*. Counsel for OCY conducted re-direct examination, and counsel for Mother, Father, and the guardian *ad litem* conducted re-cross examination of the witness.

With regard to the notice issue, Ms. Mongan testified on direct examination that, in December of 2012, she received a copy of the lease of Mother and Father for their home, and that she had not received anything regarding an eviction since that time. (Notes of testimony, 11/6/13 at 20.) Ms. Mongan further stated that she had mailed numerous letters to Mother and Father to their residence, and that they had referenced her letters in text messages to her, so she believed they still resided at the same home.

(*Id.*)  On cross-examination by Mother's counsel, Ms. Mongan testified that, when Mother contacted OCY earlier in the week of the termination hearing, she asked to speak to the OCY director because the director had signed the petition that Mother "was holding."  (*Id.* at 47-48.)  Moreover, on cross-examination by the guardian *ad litem*, Ms. Mongan testified that she sent a letter dated October 16, 2013, to Mother and Father, and that she believed that they received the letter because she received text messages and e-mail from Mother, and a telephone call from Father, with regard to it. (*Id.* at 63-65; GAL-Exhibit 1.)

At the close of the hearing, the trial court, on the record, terminated the parental rights of both Mother and Father to the Children, and changed the permanency goal for the Children to adoption.  Thus, on November 6, 2013, the trial court entered the decrees involuntarily terminating the parental rights of Mother and Father to the Children pursuant to Section 2511(a)(2), (8), and (b) of the Adoption Act.

Thereafter, the trial court appointed Attorney Henry S. Hiles, II, as counsel for both Mother and Father.  On December 6, 2013, Mother and Father, through Attorney Hiles, filed three appeals, one notice of appeal, and one statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b) on behalf of both parties for each of the Children.  On January 6, 2014, Mother and Father filed three amended notices of appeal, along with three concise statements of errors complained

of on appeal on behalf of both parties. On January 24, 2014, this court, acting **sua sponte**, quashed the appeal as being improperly filed from multiple decrees, without prejudice to the rights of Mother and Father to seek permission in the trial court to file separate appeals **nunc pro tunc**.

On January 31, 2014, Mother and Father filed separate petitions for allowance of appeal **nunc pro tunc**. On that same date, the trial court entered orders granting the relief, directing the parties to file their notices of appeal and concise statements within 14 days of that order. Mother and Father complied on February 12, 2014, with each parent filing a separate notice of appeal and concise statement with regard to the decree for each child. On March 13, 2014, this court, acting **sua sponte**, consolidated the six appeals.[3]

Mother and Father, through Attorney Hiles, have filed separate briefs on appeal, in which they both raise the following:

> DID THE HONORABLE TRIAL COURT COMMIT ERROR
> BY (i) RULING THAT THE APPELLANTS, WHO DID
> NOT APPEAR FOR TRIAL, HAD RECEIVED
> SUFFICIENT NOTICE AND (ii) DENYING THE
> REQUEST OF THE APPELLANTS' COUNSEL TO
> CONTINUE THE TRIAL SO THAT THE APPELLANTS
> COULD APPEAR AND APPROPRIATELY CONTEST THE
> PROCEEDINGS[?]

---

[3] This court's review of this matter was protracted because of our delayed receipt of the complete certified record from the trial court, after the quashal of the initial appeals and return of the certified record, despite our best efforts to obtain it in a timely fashion. **See In re: T.S.M.**, 71 A.3d 251, 261 n.21 (Pa. 2013).

Mother's and Father's briefs, at 9.[4]

Mother and Father argue that the trial court erred in finding that OCY afforded them notice of the termination hearing, and in denying the continuance and holding the hearing in their absence.[5] Mother and Father claim they failed to appear at the hearing because they did not receive legally sufficient notice, citing Pennsylvania Orphans' Court Rule 15. Moreover, Mother and Father contend that the trial court violated their Constitutional guarantee to due process of law in refusing to continue the matter, because they were not present to confront the OCY witness and evidence against them, and to testify and present any counter evidence. Mother and Father request this court to vacate the orders and remand the

---

[4] We could consider the issue waived for failure of Mother and Father to include a statement of questions involved in their briefs. **See Krebs v. United Refining Company of Pennsylvania**, 893 A.2d 776, 797 (Pa.Super. 2006) (stating that we will not ordinarily consider any issue not preserved in the statement of questions involved in an appellant's brief, and any issue not raised in a concise statement of errors complained of on appeal is waived). We will consider the issue preserved for our review, however, as Mother and Father clearly raised the issue in the argument section of their brief before proceeding to discuss the issue.

[5] In their concise statements of errors complained of on appeal, and in their statements of questions involved in their briefs on appeal, Mother and Father do not challenge the merits of the underlying termination decrees, nor do they challenge the goal change orders, as they focus on the threshold notice issue. They, therefore, waived any challenge to the merits of the terminations and goal change as part of this appeal, and we will not review those matters. **See Krebs**, **supra**, 893 A.2d at 797.

matter for a new termination hearing.[6]  In support of their argument, Mother and Father rely on **In re Maynard**, 473 A.2d 1084 (Pa.Super. 1984), and **Adoption of Walker**, 360 A.2d 603 (Pa. 1976).

We review an appeal from the termination of parental rights in accordance with the following standard.

> [A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights.  As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record.  **In re: R.J.T.**, 608 Pa. 9, 9 A.3d 1179, 1190 (Pa. 2010).  If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion.  **Id.**; **R.I.S.**, 36 A.3d 567, 572 (Pa. 2011) (plurality opinion)].  As has been often stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion.  **Id.**; **see also Samuel Bassett v. Kia Motors America, Inc.**, 613 Pa. 371[, 455], 34 A.3d 1, 51 (Pa. 2011); **Christianson v. Ely**, 838 A.2d 630, 634 (Pa. 2003).  Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will.  **Id.**
>
> . . . .

---

[6] This court has stated that, where a parent or his/her attorney enters an appearance and participates in the termination hearing without objection to the sufficiency of notice, the parent waives any subsequent claim of insufficient notice.  **In re Adoption of W.C.K.**, 748 A.2d 223, 228 (Pa.Super. 2000), overruled on other grounds, **In re Adoption of Z.S.H.G.**, 34 A.3d 1283, 1289-1290 (Pa.Super. 2011).  Thus, we find that counsel for Mother and Father did adequately preserve an objection to the sufficiency of the notice by requesting the continuance.

> [E]ven where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion. *In re Adoption of Atencio*, 650 A.2d 1064, 1066 (Pa. 1994).

*In re Adoption of S.P.*, 47 A.3d 817, 826-827 (Pa. 2012).

Further, in *Krull v. Krull*, 344 A.2d 619, 620 (Pa.Super. 1975), this court held that a trial court's grant or denial of a request for a continuance will not be disturbed absent an abuse of discretion. Thus, we will apply an abuse of discretion standard to this matter.

It is well settled that termination of parental rights implicates a natural parent's Fourteenth Amendment right to due process. *See In the Interest of A.P.*, 692 A.2d 240, 242 (Pa.Super. 1997) (stating that natural parents have a "fundamental liberty interest . . . in the care, custody, and management of their children"), citing *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). An individual whose parental rights are to be terminated must be given due process of law, as the termination of parental rights is a constitutionally protected action. *See In re Interest of K.B.*, 763 A.2d 436, 439 (Pa.Super. 2000), citing *Santosky*, *supra*. OCY bears the burden to prove proper service by its affirmative act. *In re Interest of K.B.*, 763

A.2d at 439, citing **Leight v. Lefkowitz**, 615 A.2d 751, 753 (Pa.Super. 1992).

Section 2513(b) of the Adoption Act provides that at least ten days' notice shall be given to the parents, by personal service or registered mail, to their last known address, or by such other means as the court may require. Further, the section provides that the notice shall state certain language, including the right to representation and how to obtain counsel if the parents cannot afford counsel. Additionally, the statutory language requires a warning that, upon failure to appear, the hearing will go on without the parent, and the parent's rights to the child in question may be terminated by the court without the parent's presence at the hearing. **See** 23 Pa.C.S.A. § 2513(b).

Section 2513(b) of the Adoption Act provides, in pertinent part:

> (b)  NOTICE.--At least ten days' notice shall be given to the parent or parents, putative father, or parent of a minor parent whose rights are to be terminated, by personal service or by registered mail to his or their last known address or by such other means as the court may require. A copy of the notice shall be given in the same manner to the other parent, putative father or parent or guardian of a minor parent whose rights are to be terminated. . . .   The notice shall state the following:
>
>> "A petition has been filed asking the court to put an end to all rights you have to your child (insert name of child). The court has set a hearing to consider ending your

> rights to your child. That hearing will be held in (insert place, giving reference to exact room and building number or designation) on (insert date) at (insert time). You are warned that even if you fail to appear at the scheduled hearing, the hearing will go on without you and your rights to your child may be ended by the court without your being present. You have a right to be represented at the hearing by a lawyer. You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.
>
> (Name)_____
> (Address) _____
> (Telephone number)_____

23 Pa.C.S.A. § 2513(b).

Rule 5.3 of the Pennsylvania Orphans' Court Rules provides:

> Whenever notice of the intention to do any act is required, such notice shall be given at least ten days prior to the doing of the act, unless a different period is specified by a rule adopted by the Supreme Court or by an Act of Assembly.

Pa. Orphans' Court Rule 5.3.

In addition, Rule 15.4 of the Pennsylvania Orphans' Court Rules provides that notice of the involuntary termination petition must be given to each parent. **See** Pa. Orphans' Court Rules, Rule 15.4.

Rule 15.4(d) provides:

> **(d)** **Notice and Hearing.** Notice of the hearing on the petition shall be given, in accordance with Rule 15.6 hereof, to the parent or parents whose rights are sought to be terminated, including the parent of a child born out of wedlock, to any intermediary named in a Report of Intention to Adopt, if one has been filed, and to the guardian of the person or guardian ad litem of any parent or parents who is or are under the age of 18 years. Each petitioner, each person whose joinder or consent is attached to the petition and any intermediary named in a Report of Intention to Adopt shall be examined under oath at the hearing unless they are excused by the court.

Pa. Orphans' Court Rule 15.4(d).

Further, Rule 15.6 sets forth the manner of service, as follows:

> (a) Notice to every person to be notified shall be by personal service, service at his or her residence on an adult or member of the household, or by registered or certified mail to his or her last known address. If such service is unobtainable and the registered mail is returned undelivered, then:
>
> > (1) no further notice shall be required in proceedings under Rules 15.2 or 15.3, and
> >
> > (2) in proceedings under Rules 15.4 and 15.5, further notice by publication or otherwise shall be given if required by general rule or special order of the local Orphans' Court. If, after reasonable investigation, the identity of a person to be notified is unknown, notice to him or her shall not be required.

Pa. Orphans' Court Rule 15.6(a).

This court has required a "good faith" effort to provide notice to a parent, at his or her correct address, of a hearing that may result in the termination of the individual's parental rights. *In re Adoption of K.G.M.*, *Appeal of J.T.M.*, 845 A.2d 861 (Pa.Super. 2004), citing *Adoption of Walker*, 360 A.2d 603, 607 (Pa. 1976); *In re Maynard*, 473 A.2d 1084, 1086 (Pa.Super. 1984).

In *K.B.*, the issue before this court was whether the parents had been properly served with notice of the hearing to terminate their parental rights. The panel in *K.B.* held that the personal service by the process-servers, as evidenced by their affidavits, complied with the requirements of the Adoption Act and the Pennsylvania Rules of Civil Procedure by affording the parents with 18 days' notice of the hearing on the termination petition. *K.B.*, 763 A.2d at 440.

On November 5, 2013, OCY filed a verification of service in relation to each matter. Each verification of service had attached to it, as Exhibit A, a copy of the return receipt requested, indicating that the petitions were mailed to Mother and Father at _ _ _ Astor Street, Norristown, PA 19401, by certified mail, return receipt requested, and first class mail. The verifications of service also included the notices attached to the petitions for involuntary termination of the parental rights of Mother and Father to the Children. The notices provided as follows:

> I am writing to notify you that a petition has been filed asking the Court to put an end to all rights you have to your children, [G.], [M.], and [J.]. In addition, a petition has been filed requesting that your child's goal be changed to adoption. The combined termination of parental rights and goal change hearing child [sic] has been scheduled for **Wednesday, November 6, 2013 at 1:30 p.m.,** in Courtroom "15", fourth floor, One Montgomery Plaza, Swede and Airy Streets, Norristown, Pennsylvania. Enclosed are copies of the scheduling order, the Petition for Involuntary Termination of Parental Rights, and Petition for a Goal Change.
>
> Please be advised that you have the right to be represented at the hearing by a lawyer. You should take this notice to your court appointed lawyer at once. Our records indicate that you are still represented by Legal Aid, 625 Swede Street, Norristown, PA 19401, phone number 610-275-5400.
>
> **You are warned that even if you fail to appear at the scheduled hearing, the hearing will go on without you and your rights to your children may be ended by the Court without you being present.**

Notice, 10/11/13.

At the hearing on the termination petition, the trial court found that Mother and Father had received the notices of the hearing, because the first class mail was not returned, acknowledging that the certified mail return receipts were not returned to OCY. (Notes of testimony, 11/6/13 at 6.) The trial court also found, from the record, that Mother and Father had attended the permanency review hearing in September of 2013, for which the notice was sent to the same address as the termination hearing. (Trial court

opinion, 1/6/14 at 2.)  The trial court noted that the preliminary decrees for the termination hearing directed Mother and Father to arrive at the courtroom on November 6, 2013, at 1:30 p.m.  (Notes of testimony, 11/6/13 at 6.)  Accordingly, the trial court found that notice was properly served and denied the continuance requests.  The trial court allowed a brief recess and commenced the hearing more than a half-hour after the scheduled 1:30 p.m. provided in the preliminary decrees, and Mother and Father still did not appear.  (*Id.* at 6-7.)

We agree with the trial court that the service of the notice on Mother and Father, via first class mail and certified mail, return receipt requested, to their last known address was proper.  The notices in the certified record reflect the requisite warning to Mother and Father regarding the termination of their parental rights in their absence.

Mother and Father also assert that a scheduling order that they received with regard to another matter possibly created confusion as to the date of the termination hearing.  They have attached a copy of a summons to appear for a November 25, 2013 permanency review hearing, dated October 25, 2013, to their briefs on appeal as Exhibit D, but fall short of claiming that they were actually confused by this summons, arguing only that there possibly was confusion as to the court date.  This summons was not before the trial court, and the parents' counsel did not raise any possible confusion with the trial court at the hearing on November 6, 2013, nor do

they assert any actual confusion in their briefs. Thus, we find this argument lacks merit.

We discern no abuse of discretion in the trial court's conclusion that Mother and Father were provided appropriate notice of the termination hearing and their corresponding right to an attorney, and the risk of having their parental rights terminated in their absence if they failed to appear. As the evidence of record supports the trial court's findings regarding the sufficiency of the notice, we will not disturb them on appeal. **In re Adoption of S.P.**, 47 A.3d 817, 826-827 (Pa. 2012) (stating an appellate court must defer to the trial judges as long as the factual findings are supported by the record, and the court's legal conclusions are not the result of an error of law or an abuse of discretion).

Additionally, we find no violation of due process in the trial court proceeding in the absence of Mother and Father, with their counsel actively representing them, conducting cross-examination of Ms. Mongan. Accordingly, we find no merit to the argument regarding the denial of the due process guarantee of Mother and Father by the trial court proceeding at the hearing. This court, therefore, affirms the termination decrees challenged on appeal.

Decrees affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2014