J-S53016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: H.L.C.-M., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| APPEAL OF: H.C., FATHER | No. 292 MDA 2016 |

Appeal from the Order and Decree Dated January 20, 2016
In the Court of Common Pleas of Dauphin County
Orphans' Court at No(s): 84 AD 2015

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 26, 2016**

H.C. ("Father") appeals from an order and an interrelated, but separate, decree dated January 20, 2016.[1]  The order granted a petition filed by Dauphin County Social Services ("the Agency") to change the permanency goal for Father's son H.L.C.-M. ("Child")[2] to adoption under 42 Pa.C.S. § 6351; the decree granted the Agency's petition to confirm Father's consent to the adoption of Child pursuant to 23 Pa.C.S. § 2711 and

---

[*]  Former Justice specially assigned to the Superior Court.

[1]  Father should have filed separate notices of appeal from the order and decree.  **See** Pa.R.A.P. 341, note ("Where, however, one or more orders resolve[] issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed.").  Nevertheless, we decline to quash the appeal as we discern no prejudice or jurisdictional impact stemming from this procedural misstep.

[2]  Child was born in May of 2014.

terminated Father's parental rights to Child.[3]  Additionally, Father's attorney

has filed a motion to withdraw as counsel and a brief pursuant to ***Anders v.***

***California***, 386 U.S. 738, 744 (1967).  After careful review, we affirm the

order and decree, and we grant counsel's motion to withdraw.

The orphans' court set forth the relevant history of this case as

follows:

> Child was born [in May of] 2014. Father … is currently incarcerated in SCI - Camp Hill. On August 6, 2014, Child was placed in a Dauphin County Social Services for Children ("Agency") foster home. Following an Adjudication and Disposition hearing held on August 13, 2014, the Court found Child dependent and placed Child in the legal custody of the Agency. Child has remained in legal custody of the Agency and resided with the pre-adoptive foster family since that time.
>
> On March 5, 2015, the Court made a finding of Aggravated Circumstances against A.M. ("Mother") and Father which relieved the Agency of providing further reasonable efforts to reunify the family.
>
> On May 12, 2015, Father executed a Consent to Adoption Pursuant to 23 Pa. C.S.A. § 2711. On November 10, 2015, the Agency filed a Petition for Goal Change to Adoption and Involuntary Termination of Parental Rights as to Mother's parental rights. On the same date, the Agency filed a Petition to Confirm Consent as to Father.
>
> The Court conducted a hearing on January 20, 2016. At the hearing, the Agency presented the testimony of Agency paralegal Brian Corl. Mr. Corl testified that on May 12, 2015, Agency caseworker Stephanie Sowers-Waros contacted him to advise that Father wished to execute a Consent to Adoption to

_____

[3]  The trial court also involuntarily terminated the parental rights of Child's mother ("Mother") pursuant to 23 Pa.C.S. § 2511(a).  Mother did not file an appeal, and she is not a party or participant herein.

- 2 -

give up his parental rights to Child. (Transcript of Proceedings, January 20, 2016, p. 10)(hereinafter, "N.T."). Mr. Corl prepared the Consent document. (Petition to Confirm Consent, Exhibit B). Mr. Corl met with Father, along with Ms. Sowers-Waros and an interpreter. (N.T. pp. 10-11). Mr. Corl testified that pursuant to the Agency's practice, he read every averment of the Consent document to Father and witnessed Father initial each page and sign the last page of the Consent. (N.T. pp. 11-12). In addition, Mr. Corl explained to Father his rights and duties related to revoking consent as set forth in the document. (N.T. p. 12). The Consent provides:

\* \* \*

11. I understand I may revoke this consent to permanently give up all rights to this child by placing the revocation **in writing** and **serving it upon the agency** or adult to whom the child was relinquished.

12. I understand that this consent to adoption is irrevocable unless I revoke it **within 30 days** after my execution of the consent by delivering a written revocation to:

Brian D. Corl, LSI Paralegal
Dauphin County Social Services for Children and Youth
1001 North 6th Street
Harrisburg, PA 17102

13. I understand that a hearing to confirm my consent to the adoption of the above child before the Orphans' Court Judge of Dauphin County, Pennsylvania will be held after the 30 days to revoke [my] consent has expired and my personal rights may be terminated.

14. I understand that I have a right to attend this scheduled hearing to confirm my consent to the adoption of the above child.

(Petition to Confirm Consent, Exhibit B)(emphasis in original).

- 3 -

Father made no contact with Mr. Corl in writing or by phone in the 30 days following execution of the Consent. (N.T. p. 12).

At the January 20, 2016 hearing, the Agency also presented the testimony of caseworker Stephanie Sowers-Waros. (N.T. pp. 13 -14). Ms. Sowers-Waros testified that she attended the meeting at which Father voluntarily consented to the adoption. (N.T. pp. 13 -14). Ms. Sowers-Waros witnessed Father sign the Consent. (N.T. p. 15). Ms. Sowers-Waros testified that she remained the caseworker from March 12, 2015 to June 5, 2015. *Id.* Father did not contact her by phone, in writing or by any other means to revoke his consent. *Id.*

The Agency also presented the testimony of caseworker Jessica McKee. (N.T. pp. 15-16). Ms. McKee testified that she received assignment of the instant case on June 8, 2015. (N.T. p. 17). In advance of June 8, 2016, Ms. McKee met with Ms. Sowers-Waros to review the case and learned that Father had not revoked consent. *Id.* From June 8, 2016 up to the time of her testimony, Ms. McKee never received any communication from Father which indicated a desire to revoke his consent. Although Father wrote to Ms. McKee on August 4, 2015 with reference to his wishes as to his other children and his distrust of Mother, the letter made no reference to Child. (N.T. p. 18).

Father is incarcerated in a state correctional institution. (N.T. p. 5). Father's attorney was ill and unable to attend the hearing on January 20, 2015. The Court received communication that Father did not contact his attorney at any time to revoke his consent. (N.T. p. 5).

Child resides with a loving foster family who wishes to adopt him. The family provides all of his physical, medical and emotional needs. (N.T. pp. 21-22). Child has closely bonded with the foster mother. During a family visit to Puerto Rico during the summer of 2015, Child became seriously ill and required medical airlift to Children's Hospital of Philadelphia. (N.T. p. 23). Child's foster mother remained with him during the entire hospitalization. (N.T. p. 24).

The foster family is able to ensure that Child grows up in a bilingual household. (N.T. p. 22). The family has adopted Child's biological twin siblings. *Id.*

On January 20, 2016, the Court found that Father failed to revoke the Consent to Adoption within 30 days and entered a Decree of Goal Change to Adoption and Involuntary Termination of Parental Rights of Father.

Orphans' Court Opinion, 3/17/16, at 1-4 (internal footnote omitted).

On February 18, 2016, Father timely filed a notice of appeal challenging the order changing Child's permanency goal to adoption and the decree confirming his consent to adoption that also terminated his parental rights. Father's counsel did not file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b) with the notice of appeal; rather, counsel indicated his intention to file a motion to withdraw pursuant to **Anders**, citing Pa.R.A.P. 1925(c)(4) and **In re V.E. and J.E.**, 611 A.2d 1267 (Pa. Super. 1992). On April 20, 2016, counsel filed a motion to withdraw and an **Anders** brief in which he raised the following question for our review:

Whether the trial court erred in determining that Appellant's consent to adoption was not revoked and [erroneously] granted Children and Youth Agency's petition to confirm consent to adoption?

**Anders** Brief at 7 (full capitalization and underscoring omitted).

In **In re V.E. and J.E.**, this Court extended the **Anders** principles to appeals involving the termination of parental rights. "When considering an **Anders** brief, this Court may not review the merits of the underlying issues until we address counsel's request to withdraw." **In re S.M.B.**, 856 A.2d 1235, 1237 (Pa. Super. 2004). Pursuant to **Anders**, when counsel believes

- 5 -

an appeal is frivolous and wishes to withdraw representation, he or she must

do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record . . ., counsel has determined the appeal would be frivolous;
>
> (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no-merit" letter or *amicus curiae* brief; and
>
> (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed **pro se***,* or raise any additional points he deems worthy of the court's attention.

*In re S.M.B.*, 856 A.2d at 1237 (citation omitted).

In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

With respect to the third requirement of **Anders**, that counsel inform the defendant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the

letter sent to their client advising him or her of their rights." ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).[4] "After an appellate court receives an ***Anders*** brief and is satisfied that counsel has complied with the aforementioned requirements, the Court then must undertake an independent examination of the record to determine whether the appeal is wholly frivolous." ***In re S.M.B.***, 856 A.2d at 1237.

Here, counsel has complied with each requirement of ***Anders***. Counsel indicated that he conscientiously examined the record and determined that an appeal would be frivolous. Further, counsel's ***Anders*** brief comports with the requirements set forth in ***Santiago***. Finally, in the ***Anders*** brief filed with the petition to withdraw on April 20, 2016, counsel included a copy of the April 15, 2016 letter that he sent to Father. That letter advised Father of his right to proceed *pro se* or to retain alternate counsel to file additional claims, and it informed Father of counsel's intention to seek permission to withdraw. Accordingly, we conclude that counsel has complied with the procedural requirements for withdrawal, and we proceed now with our own independent review.

We review the trial court's determination for an abuse of discretion or legal error. ***In re Adoption of K.G.M.***, 845 A.2d 861, 863 (Pa. Super. 2004).

---

[4] Father did not file a *pro se* brief or retain alternate counsel for this appeal.

When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses, and on review, we will not reverse its credibility determinations absent an abuse of that discretion.

*Id*. (quoting *In re A.J.B.*, 797 A.2d 264, 266 (Pa. Super. 2002)).

Father executed a consent to adoption pursuant to 23 Pa.C.S. § 2711, and the trial court granted the Agency's petition to confirm consent and terminate Father's parental rights in accordance with 23 Pa.C.S. § 2504. Section 2504, which provides for an alternative procedure for the relinquishment of parental rights, states in pertinent part as follows:

**Alternative procedure for relinquishment**

**(a) Petition to confirm consent to adoption.--**If the parent or parents of the child have executed consents to an adoption, upon petition by the intermediary or, where there is no intermediary, by the adoptive parent, the court shall hold a hearing for the purpose of confirming a consent to an adoption upon expiration of the time periods under section 2711 (relating to consents necessary to adoption). The original consent or consents to the adoption shall be attached to the petition.

**(b) Hearing.--**Upon presentation of a petition filed pursuant to this section, the court shall fix a time for a hearing which shall not be less than ten days after filing of the petition. Notice of the hearing shall be by personal service or by registered mail or by such other means as the court may require upon the consenter and shall be in the form provided in section 2513(b) (relating to hearing). Notice of the hearing shall be given to the other parent or parents, to the putative father whose parental rights could be terminated pursuant to subsection (c) and to the parents or guardian of a consenting parent who has not reached 18 years of age. The notice shall state that the consenting parent's or putative father's rights may be terminated as a result of the hearing. After hearing, which shall be private, the court

may enter a decree of termination of parental rights in the case of a relinquishment to an adult or a decree of termination of parental rights and duties, including the obligation of support, in the case of a relinquishment to an agency.

23 Pa.C.S. § 2504.

Section 2711 of the Adoption Act, pertaining to "Consents necessary to adoption" states in pertinent part:

**(c) Validity of consent.--**No consent shall be valid if it was executed prior to or within 72 hours after the birth of the child. A putative father may execute a consent at any time after receiving notice of the expected or actual birth of the child. Any consent given outside this Commonwealth shall be valid for purposes of this section if it was given in accordance with the laws of the jurisdiction where it was executed. A consent to an adoption may only be revoked as set forth in this subsection. The revocation of a consent shall be in writing and shall be served upon the agency or adult to whom the child was relinquished. The following apply:

(1) Except as otherwise provided in paragraph (3):

(i) For a consent to an adoption executed by a birth father or a putative father, the consent is irrevocable more than 30 days after the birth of the child or the execution of the consent, whichever occurs later.

(ii) For a consent to an adoption executed by a birth mother, the consent is irrevocable more than 30 days after the execution of the consent.

(2) An individual may not waive the revocation period under paragraph (1).

(3) Notwithstanding paragraph (1), the following apply:

(i) An individual who executed a consent to an adoption may challenge the validity of the consent only by filing a petition alleging fraud or duress within the earlier of the following time frames:

(A) Sixty days after the birth of the child or the execution of the consent, whichever occurs later.

(B) Thirty days after the entry of the adoption decree.

(ii) A consent to an adoption may be invalidated only if the alleged fraud or duress under subparagraph (i) is proven by:

(A) a preponderance of the evidence in the case of consent by a person 21 years of age or younger; or

(B) clear and convincing evidence in all other cases.

23 Pa.C.S. § 2711(c).

In *In re Adoption of J.A.S.*, 939 A.2d 403, 408-409 (Pa. Super. 2007), a panel of this Court, applying the time constraints set forth in 23 Pa.C.S. § 2711(c), held that a parent could not challenge the validity of his consent in the trial court unless he first satisfied the relevant time limitations as a threshold matter. The panel stated:

The statute does not explicitly state it is subject to strict construction; but it does plainly provide for time constraints to revoke and/or challenge the validity of a consent to adoption. The practical consequence of the court's [contrary] interpretation effectively permitted [b]irth mother to challenge the validity of

- 10 -

her consent to adoption at any time, based upon the existence of a technical omission in the form of the initial consent. This lack of finality is exactly the mischief the legislature intended to remedy with the revision to Section 2711 of the Adoption Act in 2004, the purpose of which was to afford finality to the adoption process. Hence the statute renders a consent to adoption irrevocable more than thirty (30) days after execution. *See* 23 Pa.C.S.A. § 2711(c)(1)(ii). Additionally, the statute precludes a challenge to the validity of the consent to adoption after sixty (60) days following the birth of the child or the execution of the consent, whichever occurs later, and only upon the grounds of fraud or duress. *See* 23 Pa.C.S.A. § 2711(c)(3)(i)(A). Thus, the unambiguous language of the statute required the [o]rphans' court in this case to consider the timeliness of [b]irth mother's petition to revoke and/or challenge the validity of her consent before it considered the merits of her claim. Contrary to the court's interpretation, the threshold act that triggers these provisions of Section 2711 is the timely filing of the petition to revoke and/or challenge the validity of the consent to adoption. Whether [b]irth mother's consent to adoption was valid could be addressed only if her petition had been timely filed. Essentially, the untimeliness of [b]irth mother's petition precluded the court from addressing the issue of validity.

*In re Adoption of J.A.S.*, 939 A.2d at 408-409 (footnotes omitted). Thus, pursuant to *In re Adoption of J.A.S.*, the orphans' court must first review the timeliness of a parent's petition to revoke a consent to adoption before it addresses whether the consent is valid.

Herein, Father signed his consent to the adoption of Child on May 12, 2015. Pursuant to section 2711(c)(1)(i) and the terms set forth in the consent document Father signed, Father had until June 11, 2015, to revoke his consent. It was not until almost six months later on November 10, 2015, that the Agency filed the petition for goal change and to confirm Father's consent. As the orphans' court pointed out, the record clearly reveals that

- 11 -

Father failed to revoke his consent within the thirty-day period. Trial Court Opinion, 3/17/16, at 5.[5]

As the evidence supports the trial court's finding that Father failed to comply with the time constraints outlined in 23 Pa.C.S. § 2711(c), we conclude that Father is entitled to no relief. Accordingly, we affirm the January 20, 2016 order that changed Child's permanency goal to adoption, and we affirm the January 20, 2016 decree that granted the petition to confirm Father's consent to adoption and terminated Father's parental rights. Moreover, after conducting an independent review of the record, we discern no non-frivolous issues overlooked by counsel. Accordingly, we grant counsel's motion to withdraw.

Order and decree affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2016

_____

[5] As set forth above, the other basis upon which Father could have challenged the validity of his consent was by filing a petition alleging fraud or duress within sixty days of the execution date of the consent document. 23 Pa.C.S. § 2711(c)(3)(i)(A) ("An individual who executed a consent to an adoption may challenge the validity of the consent only by filing a petition alleging fraud or duress within [s]ixty days after the birth of the child or the execution of the consent, whichever occurs later."). However, Father did not allege fraud or duress.