J-S18018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: S.H., A MINOR | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:K.L.H. | : : : : : : : | No. 78 WDA 2024 |

Appeal from the Order Entered December 18, 2023
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s):  37 Adopt 2023

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JULY 22, 2024**

K.L.H. ("Maternal Grandmother") appeals from the order denying her petition to confirm consent to adoption as to S.H. ("Child"). We vacate the order and remand for a hearing.

On June 23, 2023, Maternal Grandmother filed a petition to confirm consent to adoption of Child pursuant to 23 Pa.C.S.A. § 2504. She attached the consents of both of Child's biological parents to the petition. She also requested that the court hold a hearing on the petition. *See* Petition to Confirm Consent to Adoption, 6/23/23, at 4. The court denied the petition, without prejudice, on June 28, 2023, stating that "no petition to voluntarily terminate parental rights or statement relinquishing parental rights ha[d] been filed[.]" Order, 6/28/23. The order further stated that "the petition does not aver the anticipation of a valid adoption that promotes a new parent-child relationship or creates a new family unit as required by the authority set forth in *[I]n re:*

*Adoption of M.R.D.*, [145 A.3d 1117] ([Pa.] 2016) and *[I]n re: Adoption of C.M.*[, No. 3060 EDA 2019,] 2020 WL 5269235 (Pa. Super[. 2020] [(unpublished memorandum)]).ˮ *Id.* The court ordered that if both biological parents filed petitions to voluntarily terminate their parental rights, Maternal Grandmother shall simultaneously file a memorandum of law in support of her petition. *Id.*

On November 22, 2023, both parents filed petitions for voluntary relinquishment of their parental rights. That same day, Maternal Grandmother filed a memorandum of law in support of her petition for adoption. On November 27, 2023, the court ordered Child's counsel to file a written recommendation on the petition within 20 days. *See* Order, 11/27/23. Child's counsel complied and filed a "Report of Guardian *ad litem*,ˮ on December 18, 2023. Counsel recommended that Maternal Grandmother's petition be denied because:

> [I]t appears as though [Maternal Grandmother] has initiated the instant proceeding in an effort to avoid a possible custody action by either birth parent. Although, it should be noted that by Order dated December 19, 2018, permanent legal custody was granted to petitioner by Judge Linda Cordaro in a dependency proceeding. In addition, there is a concern that the proceeding has been brought for the purpose of enabling the subject child to be eligible for certain survivor benefits when [Maternal Grandmother] passes away.
>
> Moreover, the undersigned believes that the proposed new family unit is not permitted based on the authority cited by this Court in its June 2[8], 2023 Order.

*See* Report of Guardian *ad litem*, 12/18/23, at 2 (unpaginated).

That same day, the court adopted the Report of Guardian *ad litem* and denied Maternal Grandmother's petition to confirm consent, with prejudice. *See* Order 12/18/23. Maternal Grandmother filed a timely notice of appeal and a concise statement of errors complained of on appeal. The court issued a statement in lieu of opinion stating that it was relying on its previous orders of June 28, 2023 and December 18, 2023 and that "no further opinion shall be issued." Statement in Lieu of Opinion, 2/20/24.

Maternal Grandmother raises the following issues:

I.      Did the [c]ourt commit an error of law by holding that the [M]aternal [G]randmother cannot create a new family unit where both natural parents' consent to their termination of rights and do not object to [M]aternal [G]randmother's adoption.

II.     The [c]ourt committed an error of law by relying on the guardian ad litem's report and recommendation because: (i) the Order was rendered the exact same day the report was dated which prevented the [M]aternal [G]randmother from filing objections to the report's admissibility and or a comment to the report pursuant to Rule 1915.11-2 for the [c]ourt's consideration; (ii) the report and recommendation is not based in fact but on speculation and conjecture of the guardian ad litem regarding irrelevant and immaterial issues such as the Grandmother's intent; and (iii) the report fails to explain how it is not in the minor [C]hild's best interest to be adopted by her grandmother, especially since the guardian acknowledges that the [C]hild has resided with the [M]aternal [G]randmother since birth and both natural parents consent to the adoption.

Maternal Grandmother's Br. at 3.

"[T]he Adoption Act provides two alternative procedures for a parent to voluntarily relinquish his or her parental rights: (1) by the parent filing a petition to relinquish parental rights pursuant to Sections 2501 or 2502; or (2) by the adoptive parent filing a petition to confirm a birth parent's consent to adoption under Section 2504." *In re C.M.C.*, 140 A.3d 699, 708 (Pa.Super. 2016).

Here, Maternal Grandmother filed her petition to confirm consent to adoption under Section 2504. That section, entitled "Alternative procedure for relinquishment," provides:

> **(a) Petition to confirm consent to adoption.--**If the parent or parents of the child have executed consents to an adoption, upon petition by the intermediary or, where there is no intermediary, by the adoptive parent, the court shall hold a hearing for the purpose of confirming a consent to an adoption upon expiration of the time periods under section 2711 (relating to consents necessary to adoption). The original consent or consents to the adoption shall be attached to the petition.
>
> **(b) Hearing.--**Upon presentation of a petition filed pursuant to this section, the court shall fix a time for a hearing which shall not be less than ten days after filing of the petition. Notice of the hearing shall be by personal service or by registered mail or by such other means as the court may require upon the consenter and shall be in the form provided in section 2513(b) (relating to hearing). Notice of the hearing shall be given to the other parent or parents, to the putative father whose parental rights could be terminated pursuant to subsection (c) and to the parents or guardian of a consenting parent who has not reached 18 years of age. The notice shall state that the consenting parent's or putative father's rights may be terminated as a result of the hearing. After hearing, which shall be private, the court may enter a decree of termination of parental

rights in the case of a relinquishment to an adult or a decree of termination of parental rights and duties, including the obligation of support, in the case of a relinquishment to an agency.

23 Pa.C.S.A. § 2504.

Thus, pursuant to Section 2504, "when a natural parent has executed a consent to adoption, the adoptive parent may petition the court for a hearing to confirm the natural parent's consent to adoption." *In re J.W.B.*, 232 A.3d 689, 692 (Pa. 2020). "The court will then schedule a hearing to confirm the consent that the parent previously gave to the adoption." *Id.* The hearing shall be conducted no less than 10 days after the petition is filed. 23 Pa.C.S.A. § 2504(b). At the hearing, the trial court must confirm the validity of the consents to adoption and "consider any and all arguments raised by the parties challenging their conformity with the Adoption Act." *In re J.W.B.*, 232 A.3d at 700. This includes a review of the timing requirements under Section 2711(c) and the "exhaustive list of the information that must be included in the consent document" under Section 2711(d). *Id.* "[S]trict compliance with the procedures for termination of parental rights based on a petition to confirm consent" is required because "[t]ermination of parental rights is a drastic measure that should not be taken lightly." *In re Adoption of K.G.M.*, 845 A.2d 861, 864 (Pa.Super. 2004) (citation omitted).

Here, since Maternal Grandmother filed her petition to confirm consent to adoption under Section 2504, the court was required to hold a hearing on the petition and confirm the validity of the consents within 10 days of the filing

of the petition. Accordingly, we remand the case for the trial court to conduct a hearing on Maternal Grandmother's petition to confirm consent for adoption in accordance with the directives in this memorandum.[1]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/22/2024

_____

[1] The trial court's reliance on ***In re: Adoption of M.R.D.*** and ***In re: Adoption of C.M.*** in its June 28, 2023 order denying Maternal Grandmother's petition is misplaced. In ***In re: Adoption of M.R.D.***, our Supreme Court reversed the termination of a father's parental rights where a mother, without relinquishing her parental rights to the child, sought to terminate the father's parental rights, and the prospective adoptive parent was the mother's father. 145 A.3d at 1118. Here, both parents are seeking to voluntarily relinquish their parental rights. The Court in ***In re: Adoption of M.R.D.*** specifically stated: "[O]ur decision does not preclude a grandparent from seeking to adopt a grandchild in cases where the child's parent relinquishes his or her parental rights." ***Id.*** at 1129 n.4.

    ***In re: Adoption of C.M.*** is likewise inapposite. The Court there relied on ***In re: Adoption of M.R.D.*** and reversed the involuntary termination of a father's parental rights where the child's mother voluntarily relinquished her own rights but would continue to reside with the pre-adoptive maternal grandparents and maintain her parental role. However, our Supreme Court granted review and explicitly disapproved of this Court's application of ***In re: Adoption of M.R.D.***, but nonetheless affirmed on alternative grounds. ***In re Adoption of C.M.***, 255 A.3d 343, 276, 361 (Pa. 2021). This Court's opinion in ***In re Adoption of C.M.*** therefore no longer has precedential value.

- 6 -